FERGUSON, APPELLANT, *v.* PARROTT, RESPONDENT.

(No. 2,465.)

(Submitted December 6, 1907. Decided December 23, 1907.)

[92 Pac. 965.]

*Appeal—Proceedings Anterior to Judgment—Motion to Set Aside Judgment—Mistake—Surprise—Excusable Neglect— District Court—Discretion—Review.*

Appeal—Proceedings Anterior to Judgment—How Reviewable.
   1.   Since proceedings had anterior to judgment can be reviewed only on appeal from the judgment or an order denying a new trial, the action of the district court in proceeding with the trial of a civil cause to judgment, after plaintiff had orally asked for a postponement on account of the absence of her attorney, instead of dismissing the action for want of prosecution, was not reviewable on appeal from an order denying plaintiff's motion to set aside the judgment on the ground of mistake, surprise or excusable neglect.
Same—Motion to Set Aside Judgment—Mistake, etc.—Discretion—Review.
   2.   A motion to set aside a judgment on the ground of mistake, surprise or excusable neglect, being addressed to the discretion of the court, an order refusing such a motion will not be reversed on appeal, where no complaint is made that such discretion had been

abused in passing upon the affidavits filed in support of the motion and those against it, and where no reference is made in appellant's brief to them, the errors relied on being such as were not reviewable on an appeal from an order of this kind.

*Appeal from District Court, Deer Lodge County; W. R. C. Stewart, Judge.*

Action for malicious prosecution, by Arlington Ferguson against George Parrott. Judgment for defendant. From an order denying a motion to set the same aside, on the ground of mistake, etc., plaintiff appeals. Affirmed.

*Mr. C. M. Parr,* for Appellant.

*Messrs. Trippett & Stewart,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action for damages for malicious prosecution. The issues having been made up, the plaintiff filed with the clerk her affidavit alleging that she could not have a fair and impartial trial before the Honorable George B. Winston, the resident and presiding judge, by reason of his bias and prejudice. No motion was made to change the place of trial. On October 2d an order was made setting the cause for trial on October 10th, at 9:30 A. M. In the meantime, the presiding judge called in the Honorable W. R. C. Stewart, of the ninth district, to assume jurisdiction and preside at the trial. At the appointed hour the plaintiff was present with her witnesses. Her attorney, John A. Coleman, Esq., was absent. The defendant was also present with his witnesses, and demanded that the trial proceed, notwithstanding the absence of plaintiff's attorney. So far as the record shows, the plaintiff made no formal application to the court for a postponement of the trial, but contented herself by stating that her attorney was not present, and that she desired a postponement until she could secure his presence. In the absence of some showing by affidavit the court refused to

grant the postponement, and ordered the trial to proceed. Thereupon a jury was impaneled. The plaintiff declined to offer any evidence. The defendant having introduced witnesses, the court directed a verdict for the defendant, and judgment was entered accordingly. On February 15, 1907, the plaintiff moved the court to set aside the judgment on the ground of mistake, surprise, and excusable neglect. The appeal is from the order denying this motion.

The certificate of the judge attached to the bill of exceptions is somewhat informal and indefinite, in that it fails to state specifically that the bill "is allowed," as provided in section 1155 of the Code of Civil Procedure, and, at the hearing, objection was made to a consideration of it on that ground. We shall not notice this objection. Assuming that the certificate is in all respects in substantial compliance with the statute, there is no merit in the appeal.

It is argued by counsel for plaintiff that the judgment should have been set aside on the ground that, instead of dismissing the cause at the cost of the plaintiff for want of prosecution, which should have been done (Code Civ. Proc., sec. 1004), the court proceeded to call a jury, to hear evidence on the part of defendant, to direct a verdict in his favor, and to render a judgment thereon, thus concluding the case on the merits. Conceding that the course pursued by the court in the disposition of the case was erroneous, the questions argued in this connection do not properly arise on this appeal, and therefore may not be determined. All of them relate to the regularity of the proceedings in the case anterior to the judgment, and their propriety may not be reviewed except on appeal from the judgment or an order denying a new trial.

The motion to set aside the judgment was made under section 774 of the Code of Civil Procedure, and was addressed to the discretion of the court, upon the showing made in support of it. Plaintiff filed her own affidavit, setting out in detail facts explanatory of the absence of her attorney, and tending to show that she was not at fault in failing to make a formal applica-

tion for a postponement in order to secure the attendance of her attorney or procure another. The defendant filed. counter-affidavits. The merits of the motion depended upon the showing thus made. The result was a special order after final judgment, the force of which depended upon the circumstances shown at the time. Evidently the presiding judge was of the opinion that the motion was without substantial merit. However this may have been, there is no reference in the brief of counsel to these affidavits. No complaint is made that the court abused its discretion in any manner in its decision upon them, reliance in this court being exclusively upon the alleged errors committed anterior to the judgment. Under these circumstances we must conclude that counsel was satisfied with the action of the court in the use of its discretionary power in determining that there was no proof of mistake, surprise, or excusable neglect, and hence chose to rely upon the errors of law assigned and discussed in the brief. A disposition of these questions would be the result of a review of matters entirely outside of the record before us.

Whether the result of the court's action was a judgment upon the merits is a question upon which we may not express an opinion, because this would be to anticipate and determine a controversy which may arise in another suit brought upon the same cause of action involved herein.

For the reasons stated, the order must be affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.