LAWRENCE SEALEY, d/b/a SEALEY'S SAWMILL, PLAIN-
TIFF AND RESPONDENT, v. DONALD W. MAJERUS AND
BROADMOOR CORPORATION, DEFENDANTS AND APPPEL-
LANTS.

No. 11232.
Submitted February 9, 1967.   Decided March 14, 1967.
425 P.2d 70.

Craig Derry (argued), Billings, for appellants.

Thomas M. Ask, Floyd A. Brower (argued), Roundup, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by defendants from a judgment by default entered against them on September 16, 1966.

The plaintiff-respondent is Lawrence Sealey, doing business as Sealey's Sawmill, and will be referred to as plaintiff. The defendants-appellants are Donald W. Majerus and Broadmoor Corporation, a corporation, and will be referred to as defendants.

The defendants make five specifications of error. The fifth specification, dealing with the court's order denying the motion for change of venue, is not properly before this court because a timely appeal was not made from that order. Rules 1(b) and 2, M.R.App.Civ.P.

The issue presented by this appeal is whether the clerk of the district court was in error in making the entry of default.

The facts are these: Plaintiff's complaint was filed on April 19, 1966. Defendants made appearance on May 5, 1966, by making a motion for change of venue, which was denied by the district court on May 12, 1966, and on June 6, 1966, another appearance by making a motion to dismiss, which was denied by the district court on July 1, 1966. Under Rule 12(a), M.R. Civ.P., the defendants had twenty days from July 1, 1966, in which to serve and file a responsive pleading.

On the 4th or 5th day of August, 1966, plaintiff's attorney called the attorney for defendants. He informed defendants' attorney that defendants' answer were already two weeks late and that he would enter default in the action if he did not hear from defendants' attorney by Monday, August 8, 1966. No word or answer was received from defendants' attorney by Tuesday, August 9, 1966, on which day, plaintiff's attorney took

the following steps: (1) Pursuant to Rule 55(a), he caused entry of default to be entered by the clerk of the district court; and (2) pursuant to Rule 55(b)(2), he filed a notice of motion for default judgment and served a copy of this notice on defendants' attorney by mail. The notice set the day for hearing the motion for default judgment as August 17, 1966.

On August 15, 1966, defendants filed answers.

The hearing on the motion for default judgment was held by the district court on August 19, 1966, since the district judge was out of town on August 17, 1966. On August 26, 1966, defendants filed an affidavit of disqualification and on August 29, 1966, defendants filed a motion to set aside the default. On September 16, 1966, Judge LeRoy L. McKinnon, who had assumed jurisdiction of the action, held a hearing on the motion to set aside the default, denied the motion, and entered judgment for the plaintiff.

Defendants' contentions can be summarized in this manner:

(1)  Since defendants made appearances by their motions for change of venue and to dismiss, entry of default by the clerk of the district court cannot be made without three days notice to defendants.

(2)  Answers were filed prior to the hearing on the motion for default judgment, and thus, defendants were not in default at the time of the entry of the judgment by default.

(3)  Since the entry of default by the clerk was improper, the district court could not take any action on plaintiff's motion for default judgment.

Defendants' contentions spring from defendants' misunderstanding of Rule 55 dealing with defaults. Therefore, we will set forth the relevant portions of Rule 55:

"(a)  Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.

"(b) Judgment. Judgment by default may be entered as follows: * * *

"(2) By the court. * * * If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three days prior to the hearing on such application. * * *

"(c) Default; Setting Aside * * * For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b). * * * In any case if a party in default shall serve and file his appearance, motion, pleading or proceeding prior to application to the clerk for default, then such defaulting party shall not thereafter be considered in default as to that particular appearance, motion, pleading, or proceeding.

Thus, under Rule 55, entry of default by the clerk and entry of judgment by default by the district court are two distinctly different acts.

Reference to Rule 55(a) clearly points out the error in defendants' contentions 1 and 3. Entry of default by the clerk requires no notice to the party in default. Entry of default IS NOT a judgment. It is only a step in the process of securing judgment by default. Defendants' contention 2 is likewise without merit. Their answers were not filed until they had received notice of plaintiff's motion for default judgment. The provisions of Rule 55(b)(2) would be useless if defendants could remain in default as long as they desired and then prevent the judgment by default by merely filing the proper pleading in the period between the notice and the hearing on the motion for judgment by default.

Defendants were given the opportunity to appear at the hearing on the motion for judgment by default and to resist such motion. Under Rule 55(c) defendants were entitled to move to set aside the entry of default for "good cause shown"

and to move to set aside the judgment by default under Rule 60(b).

Defendants' brief is directed almost entirely to the erroneous contentions that entry of default by the clerk in this case was error. They have offered to this court no other reason why the district court was in error in granting the judgment by default.

We have examined each of the specifications of error and find them to be without merit.

The judgment appealed from is affirmed.

MR. JUSTICES ADAIR, DOYLE, JOHN C. HARRISON and CASTLES concur.