No. 12461

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

CHARLES G. JOHNSON and GUNNAR E. JOHNSON,
a partnership d/b/a Park Motors Company,

Plaintiffs and Respondents,

-vs-

LOUIS B. MATELICH, individually, MATELICH
TRAILER SALES & SERVICE, a Montana corporation,
and ASSOCIATES FINANCIAL SERVICES, a Montana
corporation,

Defendants and Appellants.

---

Appeal from:  District Court of the Third Judicial District,
Honorable Sid G. Stewart, Judge presiding.

Counsel of Record:

For Appellants:

John N. Radonich argued, Anaconda, Montana

For Respondents:

Knight, Dahood, Mackay and McLean, Anaconda, Montana
Wade J. Dahood and David M. McLean argued, Anaconda,
Montana

---

Submitted:  November 27, 1973

Decided: DEC 19 1973

Filed: DEC 19 1973

Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal by defendant, Louis Matelich, from an order denying his motion to set aside entry of defaults and an order granting plaintiffs' motion for entry of default judgments.

Plaintiffs brought two separate actions in the district court of the third judicial district. The cases are consolidated for the purpose of this appeal because the issues raised are the same in both cases.

The first claim for relief filed by plaintiffs was for the purpose of collecting insufficient funds checks due and owing to them in the sum of $3,948.04, plus reasonable attorney's fee. Plaintiffs' complaint was filed on January 27, 1971. A motion to dismiss was filed on behalf of defendant on February 5, 1971, by the law firm of Garlington, Lohn and Robinson, Missoula, Montana, and on February 17, 1971, the motion was denied, with defendant being granted 30 days within which to further plead. No further pleadings were filed but on March 9, 1971, a substitution of attorneys was filed showing the substitution of the law firm of Murray & Holt, Missoula, Montana, as attorneys for defendant.

On August 26, 1971, an amended complaint was served on Murray & Holt, who moved to dismiss the same on September 7, 1971. The motion was denied on September 15, 1971, with defendant being granted 30 days within which to further plead.

The second claim for relief was brought by plaintiffs in the sum of $52,595.53 for the purpose of foreclosing liens. The complaint was filed on February 11, 1971. A motion to dismiss was filed by Murray & Holt on May 25, 1971. On June 9, 1971, the motion was denied and defendant was granted 30 days within

which to further plead. In this cause Associates Financial Services was a party defendant, and by stipulation filed on September 14, 1972, the cause was dismissed as against Associates Financial Services.

The following facts are the same as to both claims for relief: On September 16, 1971, notice of taking the deposition of defendant was filed. A consent to withdrawal of the law firm of Murray & Holt as attorneys for defendant was signed by defendant on December 9, 1971. The consent indicated that the defendant would continue to appear in person until further notification was given to plaintiffs. On the same day, the deposition of defendant was taken. Defendant stated under oath that he was represented by Mr. "Ty" Robinson, Missoula, Montana, but that Mr. Robinson could not be present. The deposition was continued.

In the foreclosure case application was made to the clerk of the district court for entry of default of defendant on February 16, 1972. On the same day, defendant's default was entered by the clerk of the district court. In the insufficient funds case application to the clerk for entry of default was made on September 20, 1972, and on the same day, defendant's default was entered.

On October 11, 1972, affidavits by plaintiffs' attorney and motions for judgment by default by the court were filed in both causes, and judgments by default by the court were signed and filed.

On December 4, 1972, the firm of Boyd & Radonich, Anaconda, Montana, filed motions to set aside the default and judgment in the insufficient funds case. Affidavit of defendant was filed on December 7, 1972. On December 13, 1972, the hearing on the motion was held. At the hearing plaintiffs agreed to setting aside the judgment and noticed a hearing on the motion for entry of default

- 3 -

judgment for December 20, 1972. On the same day, counsel for defendant moved the court to set aside the default judgment in the foreclosure case and noticed a hearing on the motion for entry of default judgment for December 20, 1972.

On December 15, 1972, the district court granted the motions to set aside the default judgments entered on October 11, 1972 for the reason that no notice of application for entry of default judgments was sent to the defendant. The motion to set aside entry of defaults was denied and December 20, 1972 was set for hearing plaintiffs' motions for entry of default judgments.

On December 19, 1972, a /consolidated motion by defendant to set aside entry of defaults, memorandum in support thereof, and the answers of defendant were filed. On December 20, 1972, hearing was held on plaintiffs' motion for entry of default judgments and on defendant's motion to set aside entry of defaults. The matter was submitted to the district court on briefs, and on December 28, 1972, Judge Sid Stewart, presiding, denied defendant's motion to set aside entry of default and granted plaintiffs' motion for entry of default judgment.

Judgment was thereupon entered in the sum of $32,237.73 in the foreclosure action and in the sum of $5,699.46 in the insufficient funds checks case.

Defendant presents two issues on appeal: (1) Whether the district court erred in denying defendant's motion to set aside the entry of defaults, and (2) whether the district court erred in granting plaintiffs' motion for entry of default judgments.

As to the first issue defendant contends that his affidavit filed on December 7, 1972, established good cause for setting aside the defaults pursuant to Rule 55(c), M.R.Civ.P., which provides:

- 4 -

> "For good cause shown the court may set aside
> an entry of default and, if a judgment by de-
> fault has been entered, may likewise set it
> aside in accordance with Rule 60(b). * * *"

Defendant's first motion to set aside the entry of default, filed on December 4, 1972, had been denied for the reason that under Rule 55(a), M.R.Civ.P. no notice of entry of default by the clerk of the district court is required to be given to the defendant. This is one of the reasons given by the district court for denying defendant's motion of December 19, 1972. The district court was correct, for no notice of entry of default by the clerk of the district court is required. Sealey v. Majerus, 149 Mont. 268, 271, 425 P.2d 70.

In its order of December 28, 1972 denying defendant's motion to set aside the entry of default, the district court decreed that defendant failed to show any mistake, inadvertence or excusable neglect to justify the failure to file an answer within the time granted by the court after denying the motions to dismiss.

In the affidavit relied upon by defendant, defendant states that from the time of the withdrawal of the firm of Murray & Holt on December 9, 1971, to the time of his affidavit, that he had not been informed of any proceedings being taken against him. The affidavit indicates that by reason of a criminal action pending against him that defendant was led to believe that no further civil proceedings were being had on behalf of plaintiffs. In addition, defendant states that because of ill health he was prohibited from leaving his home to attend to these matters and he was unable to personally look after his business affairs.

In his brief defendant cites 6 Moore's Federal Practice, ¶ 55.05(2) where it is stated:

> "The grant or denial of a motion for the entry
> by the court of a default judgment lies within

the sound discretion of the trial court. This proposition is supported by good sense. And its soundness is also demonstrable by reference to Rule 55(c), which authorizes the trial court to set aside an entry of default on a showing of good cause.

"The court, in exercising its discretion may properly consider such factors as the following: whether the defendant's failure to plead or otherwise defend is largely technical; whether the plaintiff will be prejudiced, and if so, the extent thereof; whether entry of the default judgment would result in injustice."

This Court has often stated that an application to set aside a default is addressed to the sound discretion of the trial court and its action will not be disturbed on appeal unless it is manifest that its discretion has been abused. Ferguson v. Parrott, 36 Mont. 352, 92 P. 965; Robinson v. Peterson, 63 Mont. 247, 206 P. 1092; Pacific Acceptance Corp. v. McCue, 71 Mont. 99, 103, 228 P. 761; Holen v. Phelps, 131 Mont. 146, 150, 308 P.2d 626; Williams v. Superior Homes, Inc., 148 Mont. 38, 417 P.2d 92.

We point out that defendant's affidavit was filed in the insufficient funds case. Defendant has argued here as he did in the district court that the facts in the affidavit show good cause as to both cases. From our review of the record we conclude that the district court did not err in denying defendant's motion.

Defendant was well aware of the fact that he was the defendant in the lawsuit, that a summons and complaint had been duly served upon him, and that motions to dismiss had been filed upon his behalf. The record clearly indicates that the defendant was aware that an answer was to be filed within 30 days from the denial of his two motions to dismiss.

Defendant makes the argument that his failure to further plead was technical because he was not represented by counsel at

- 6 -

the entry of the defaults. The record shows the opposite. Defendant was represented by counsel at the time the motions to dismiss were denied and for at least six months thereafter. When defendant appeared at the deposition, he stated that he had replaced his counsel, Murray & Holt, with Mr. "Ty" Robinson. There is no notice in the record that Boyd & Radonich had assumed the role of defendant's attorney.

The fact is regrettable that defendant suffered ill health, yet this does not excuse his failure to plead, especially considering the fact that he was represented by attorneys throughout.

The record further indicates that the criminal proceedings were not filed until September, 1972. Defendant, however, does not attempt to explain why no answers were filed prior to that time.

Defendant has made no showing of why he failed to file an answer within the time granted by the district court. Defendant now asserts that he will be prejudiced because he has a good defense to the claims and now will be unable to assert the defense. If defendant is in any way prejudiced, the record clearly shows that it is by his own failure and disregard to assert his rights when available to him.

Defendant's second issue is that the district court erred in granting plaintiffs' motion for entry of default judgments.

The district court ordered plaintiffs' motion granted for the reason that defendant failed to comply with the orders of the district court regarding filing of any answer until after plaintiffs had filed a motion for entry of default judgment and had noticed the motion for hearing.

The district court's reasoning is consistent with our holding in <u>Sealey</u>, where at page 271 we said:

- 7 -

" * * * Defendants' contention 2 is likewise without merit. Their answers were not filed until they had received notice of plaintiff's motion for default judgment. The provisions of Rule 55(b)(2) would be useless if defendants could remain in default as long as they desired and then prevent the judgment by default by merely filing the proper pleading in the period between the notice and the hearing on the motion for default judgment.

"Defendants were given the opportunity to appear at the hearing on the motion for judgment by default and to resist such motion. Under Rule 55(c) defendants were entitled to move to set aside the entry of default for 'good cause shown' and to move to set aside the judgment by default under Rule 60(b)."

In the instant case defendant's answers were not filed until the day before the hearing on the motions. This procedure is clearly inconsistent with our decision in Sealey.

For the reason that the district court did not find good cause for defendant's failure to file his answer within the time required and for the reason that defendant cannot correct his default by filing his answer between the time of notice and the hearing on the motion, the district court was not in error. There has been no showing that the district court abused its discretion. The orders of the district court are hereby affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 8 -