No. 81-331
    81-338
    81-339

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

GREGG SCHMIDT and HOLLY SCHMIDT,
d/b/a MANZANITA INTERNATIONAL,

                    Defendants and Appellants,

        vs.

JOMAC, INC.,

                    Plaintiff and Respondent.

* * *

GREGG SCHMIDT and HOLLY SCHMIDT,
d/b/a MANZANITA INTERNATIONAL,

                    Defendants and Appellants,

        vs.

CHAS. W. HOUSE & SONS,

                    Plaintiffs and Respondents.

* * *

GREG SCHMIDT and HOLLY SCHMIDT,
d/b/a MANZANITA INTERNATIONAL, INC.,

                    Defendants and Appellants,

        vs.

WESTERN PAPER CO.,

                    Plaintiff and Respondent.

---

Appeal from:  District Court of the Fourth Judicial District,
              In and for the County of Missoula
              Honorable John S. Henson, Judge presiding, Nos. 81-338, -339
                      Honorable Jack L. Green, judge presiding, No.81-331
Counsel of Record:

        For Appellants:

        McClelland Law Offices, Missoula, Montana

        For Respondents:

        Sverdrup & Buyske, Libby, Montana

---

                        Submitted on briefs: October 16, 1981

Filed: JAN 21 1982                        Decided:  JAN 21 1982

        Thomas J. Kearney
        _____
                    Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from denials to set aside default judgments entered in the District Court of the Fourth Judicial District of the State of Montana, in and for the County of Missoula.

Appellants, Gregg and Holly Schmidt, were sued by each of the three respondents for monetary debts allegedly owed. The Schmidts were sued with Manzanita Corporation, as defendants in each suit, with a "d/b/a" signification in Cause Nos. 81-331 and 81-338, and sued separately in Cause No. 81-339. Both Gregg and Holly Schmidt were served individually, and no allegations were made in the complaint that the Schmidts personally guaranteed any of the debts of the Manzanita Corporation. At the time of the commencement of the suits, Gregg and Holly Schmidt were officers of Manzanita Corporation.

The Western Paper Company suit was commenced June 18, 1980, and service was made on Holly Schmidt June 25, 1980, on Gregg Schmidt July 8, 1980, and on Manzanita's office manager June 24, 1980. The Chas. W. House & Sons suit was commenced July 7, 1980, and the Schmidts were served July 8, 1980. The Jomac, Inc., suit was commenced on September 3, 1980, and the Schmidts were served September 9, 1980.

The Schmidts and Manzanita Corporation were represented by the same counsel. Counsel admits that he was immediately made aware of the actions brought against the Schmidts and Manzanita Corporation when the Schmidts came to him for advice concerning the summons. It was determined by counsel for the Schmidts that no answer or appearance was necessary because the automatic stay provisions of the

Bankruptcy Code operated as a bar to all three suits. Manzanita Corporation filed for bankruptcy on or about September 11, 1980.

Default judgments were entered against Gregg and Holly Schmidt on October 14, 1980. At that time, no appearance was made by counsel, in any of the three actions, for the Schmidts or for Manzanita Corporation. Execution was issued against the Schmidts' bank account in May 1981. It was not until May 28, 1981, that counsel for the Schmidts and Manzanita Corporation contacted counsel for the respondents and requested that the default judgments be set aside.

On June 18, 1981, the Honorable Jack L. Green issued an order in the Jomac case dismissing the motion to set aside the default judgment and vacating the stay of execution. Then, on July 14, 1981, the Honorable John S. Henson ruled on the motions made in the Western Paper and Chas. W. House & Sons suits. Judge Henson also denied the Schmidts' motions to set aside the default judgments and vacated the stays of execution.

Notice of appeal was filed on June 30, 1981, in the Jomac case, and on July 16, 1981, in the Western Paper and Chas. W. House & Sons cases. The three cases have been consolidated for purposes of appeal.

The issue presented on appeal is whether the trial court abused its discretion when it refused to set aside the default judgments.

The appellants contend that the District Court erred when it denied their motions to set aside the default judgments. Appellants argue that their motion should have been

granted pursuant to Rule 60(b)(1) and (6), M.R.Civ.P., which reads:

> "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) when a defendant has been personally served, whether in lieu of publication or not, not more than sixty days after the judgment, order or proceeding was entered or taken . . ."

The interpretation of the rule and the cases cited by the appellants do not accurately reflect the state of the law.

Under the facts of the present case, Rule 60(b)(1) does not provide the basis for relief. In Olson v. Olson (1977), 175 Mont. 444, 574 P.2d 1004, this Court held:

> "Montana law provides that a party, by motion, may seek relief from a judgment by having it set aside. A judgment can be set aside because of excusable neglect on the part of the party seeking relief. Rule 60(b)(1), M.R.Civ.P. However, Rule 60(b), M.R.Civ.P., provides that when the party seeking relief was personally served, the motion for relief on grounds of excusable neglect must be made within sixty days of entry of the judgment." 574 P.2d at 1006.

Here, appellants did not make motions to set aside the default judgments until 231 days after entry of the judgments. This fact precludes them from utilizing Rule 60(b)(1), M.R.Civ.P., as grounds for relief.

Also, appellants failed to present facts to support their contention that there was mistake, inadvertance, surprise or excusable neglect as defined by Rule 60(b)(1), M.R.Civ.P. The contention that counsel did not file an answer because he mistakenly relied on the automatic stay provision of the Bankruptcy Code is insufficient under the

law. In Uffleman v. Labbit (1968), 152 Mont. 238, 448 P.2d 690, this Court held that, "[t]he defendant made a mistake of law, not a mistake of fact. A mistake of law is not such a 'mistake' under the provisions of Rule 60(b)(1), M.R.Civ.P., as will support vacating a default judgment. Rieckhoff v. Woodhull, 106 Mont. 22, 75 P.2d 56." 448 P.2d at 693.

Next, appellants contend that they should be granted relief because they received no notice of the default judgments and the circumstances of this case are such that relief should be granted pursuant to Rule 60(b)(6), M.R.Civ.P. These contentions are also not supported by the law and cannot provide the basis for relief. According to Rules 55(a) and 77(d), M.R.Civ.P., no notice of entry of a default judgment need be sent to the defendant by the clerk of the district court. See, Johnson v. Matelich (1973), 163 Mont. 329, 517 P.2d 731, 733. Further, according to the greatest weight of authority, Rule 60(b)(6) does not provide a "reason justifying relief from the operation of the judgment." 7 Moore's Federal Practice ¶60.27(1); Wright and Miller, Federal Practice and Procedure, Civil §2857.

Appellants cite Klapprott v. United States (1949), 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266, as authority for the application of Rule 60(b)(6) to the circumstances presented here. However, an analysis of the various authorities that have reviewed Klapprott and Rule 60(b)(6) indicates that Klapprott is an example of Rule 60(b)(6) taken to the extreme. Wright and Miller, Federal Practice and Procedure, Civil §§2857, 2864. Klapprott dealt with a default judgment setting aside an order granting citizenship

to a German sympathizer during the Second World War. The facts of <u>Klapprott</u> are unique and differ to such a degree from those presented here that the case cannot possibly provide the authority for appellants' position.

Finally, in 7 Moore's Federal Practice, ¶60.27(1) at 351-352, there is a discussion of Rule 60(b)(6) stating:

> "The motion [60(b)(6)] must be made within a reasonable time. A question of power to grant the motion is one of law. If however, there is power, the grant or denial of the motion is addressed to the sound discretion of the trial court guided by accepted legal principles in light of all the relevant circumstances, and the trial court's exercise of discretion will not be disturbed on appeal except for abuse." (Footnotes omitted.)

Here, the District Court determined that the motions to set aside the default judgments (made some 231 days after the judgments were entered) were not made within a reasonable time. We find that by doing so, the court did not abuse its discretion.

Appellants argue that the District Court should have granted the motions to set aside the default judgments because opposing counsel knew or should have known that Manzanita Corporation was going to file for bankruptcy. Appellants argue that professional courtesy and the Montana Rules of Civil Procedure required opposing counsel to notify them of the actions being taken. They contend that this Court should not allow this type of behavior for it would be detrimental to the entire court system.

First, there was no finding by the District Court to support the appellants' contention that counsel for respondents knew or should have known about the impending bankruptcy. Under the facts as they have been presented, this contention is, at best, irrelevant. Second, the Montana

Rules of Civil Procedure do not require that opposing counsel keep each other abreast of all actions taken on behalf of their clients. Counsel for appellants admits he was aware of the suits but chose to ignore the summons. This Court in Johnson v. Matelich (1973), 163 Mont. 329, 517 P.2d 731, when discussing a similar contention, stated:

> "Defendant has made no showing of why he failed to file an answer within the time granted by the district court. Defendant now asserts that he will be prejudiced because he has a good defense to the claims and now will be unable to assert the defense. If defendant is in any way prejudiced, the record clearly shows that it is by his own failure and disregard to assert his rights when available to him." 517 P.2d at 734.

Appellants have not shown that the trial court abused its discretion. A manifest abuse of discretion must be shown before this Court will interfere with the trial court's discretion on a motion to set aside a default judgment. Purington v. Sound West (1977), 173 Mont. 106, 566 P.2d 795; Keller v. Hanson (1971), 157 Mont. 307, 485 P.2d 705; Johnson v. Matelich, supra.

The final contention presented by appellants is that the automatic stay provision of the Bankruptcy Code deprived the District Court of the jurisdiction to enter the default judgments.

This contention is not supported by the facts or the law. Respondents filed their claims against appellants as individuals. Appellants failed to answer within the requisite twenty days after the service of summons. Rule 12(a), M.R.Civ.P. As individuals, they had the responsibility to answer the summons. They cannot now hide behind the automatic stay provision of the Bankruptcy Code as a possible defense to the action. Further, the motions to set aside

the default judgments on the automatic stay provision of the Bankruptcy Code are the only pleadings before the District Court; no other possible defenses were asserted. If a defense existed, appellants should have answered with it during the appropriate time. The failure to do so resulted in default judgments that were properly entered. It is difficult to make the point clearer. Appellants, no matter what the claim made against them, had a legal duty to respond.

Finally, the automatic stay provision in the Bankruptcy Code, Section 362, applies to the debtor in bankruptcy. It does not apply to an individual not in bankruptcy or to a codebtor not in bankruptcy. In Re Van Shop, Inc. (1980), 8 B.R. 73.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justice

-8-