No. 86-198

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

FIRST NATIONAL BANK OF CUT BANK,

Plaintiff and Respondent,

-vs-

ROBERT C. SPRINGS and JENELL D. SPRINGS,
his wife; INTERNAL REVENUE SERVICE, UNITED
STATES DEPARTMENT OF TREASURY, INDUSTRIAL
FINANCIAL CORPORATION and SEARS ROEBUCK
and COMPANY,

Defendants and Appellant.

---

APPEAL FROM: The District Court of the Ninth Judicial District,
In and for the County of Glacier,
The Honorable R.D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Cannon & Sheehy; Edmund F. Sheehy, Jr., Helena,
Montana

For Respondent:

Peterson, Peterson, Burns & Shors; Richard A. Shors,
Cut Bank, Montana

---

Submitted on Briefs: Oct. 23, 1986

Decided: January 6, 1987

Filed: JAN 6 - 1987

_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The District Court of the Ninth Judicial District for the County of Glacier entered a default judgment and a deficiency judgment against Robert Springs in a foreclosure action. Dr. Springs then filed motions to set aside the default judgment and stay the deficiency judgment. The District Court denied these motions and Dr. Springs appealed. We affirm.

The issue is whether the District Court erred in denying the motion to set aside the default judgment or erred in denying the motion to stay the deficiency judgment.

In early 1985, Dr. Springs was mailed a notice of default, pursuant to a trust indenture agreement, by First National Bank of Cut Bank (Bank) requesting past due house payments. Dr. Springs did not respond or cure the default within the 30 days allowed by the notice, and the Bank filed a foreclosure action on his home. The Bank's complaint requested a deficiency judgment if the foreclosure sale bid did not cover the Bank's judgment and costs of the sale. Dr. Springs was personally served in Glacier County with process, but did not appear in the foreclosure action.

A default judgment was entered against Dr. Springs and the District Court ordered foreclosure of the property. A sheriff's sale was held, but the sale did not cover the total debt owed to the bank so the District Court entered a deficiency judgment against Dr. Springs.

About five months after the deficiency judgment was entered, Dr. Springs filed motions to set aside the default judgment, to stay execution of the deficiency judgment, and to produce documents. The motion to set aside the default

2

judgment was based on Rules 55(c) and 60(b)(6), M.R.Civ.P. The District Court denied Dr. Springs motions and stated: "Defendant Springs has inexcusably slumbered on his rights and ignored the judicial machinery established by law." Dr. Springs appealed.

Did the District Court err in either denying the motion to set aside the default judgment or in denying the motion to stay the deficiency judgment?

A court may relieve a party from a final judgment or order pursuant to Rule 60(b), M.R.Civ.P. which provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) when a defendant has been personally served, whether in lieu of publication or not, not more than 60 days after the judgment, order or proceeding was entered or taken, or, in a case where notice of entry of judgment is required by Rule 77(d), not more than 60 days after service of notice of entry of judgment. When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative, at any time within 180 days after the rendition of any judgment in such action, to answer to the merits of the original action. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as may be required by law, or to set aside a judgment for fraud upon the court.

This Court has previously stated that:

> A manifest abuse of discretion must be shown before this Court will interfere with the trial court's discretion on a motion to set aside a default judgment. (Citations omitted.)

Schmidt v. Jomac, Inc. (1982), 196 Mont. 323, 328, 639 P.2d 517, 520. Therefore, our discussion will center on whether Dr. Springs has shown a manifest abuse of discretion by the District Court which requires reversal.

Essentially, Dr. Springs argues that the order denying the motion to set aside the judgments should be overturned for four reasons. First, Dr. Springs maintains that he failed to make a timely appearance because he did not believe there would be any possibility of a deficiency judgment against him so he did not believe he would have to appear in the foreclosure action. Second, Dr. Springs maintains that if he had answered the complaint he would have had several meritorious defenses to the complaint. Third, Dr. Springs maintains that even if this Court does not set aside the default judgment, we should set aside the deficiency judgment because the fair market value of the property foreclosed upon is in excess of the amount bid at the foreclosure sale. And fourth, because the District Court did not have a hearing on the underlying motions, it could not have been fully informed on the motions it was deciding, so this case should be remanded and a full hearing required.

At the beginning of our discussion of this case, we emphasize that we are bound by the record. We may not decide a case on the basis of unsubstantiated statements in the briefs. Dr. Springs has failed to show by affidavit or other appropriate means a basis for many of the facts he relies on in his brief. Accordingly, some of the arguments concerning

4

his appeal should be denied summarily. We will consider his arguments based only on the facts supplied in the District Court's order and transcript of the proceeding below.

Although Dr. Springs based his motions to vacate the judgments on Rule 60(b)(6), M.R.Civ.P., we conclude that his motions more properly should have been based upon Rule 60(b)(1), M.R.Civ.P. His reasons cited for his failure to appear clearly fall into the "mistake" and "inadvertence" category. Wright and Miller cite several federal cases construing Federal Rule (60)(b), which is almost identical to the Montana Rule, and state:

> These cases certainly seemed to establish that clause (6) and the first five clauses are mutually exclusive and that relief cannot be had under clause (6) if it would have been available under the earlier clauses. This reading seems required also by the language of the rule.

11 Wright and Miller, Federal Practice and Procedure, Civil Section 2864, p. 217.

We agree with Wright and Miller's interpretation that relief cannot be obtained under Rule 60(b)(6), M.R.Civ.P., if that relief is available under Rule 60(b)(1) to (5), M.R.Civ.P. Accordingly, Dr. Springs' motions could have been denied based on his failure to present those motions within the 60 day time limits set out in Rule 60(b), M.R.Civ.P. However, we will address Dr. Springs' arguments.

Dr. Springs' first argues that he failed to make a timely appearance because he did not believe a deficiency judgment could be obtained against him. We have addressed similar arguments and concluded:

> The contention that counsel did not file an answer because he mistakenly relied on the automatic stay provision of the Bankruptcy Code is insufficient under the law.

Schmidt, 639 P.2d at 519.

In Schmidt, this Court refused to set aside a default judgment concluding that neither Rule 60(b)(1) or Rule 60(b)(6), M.R.Civ.P., mandated the setting aside of the judgment. The Schmidt's attorney believed that no answer or appearance was necessary because the automatic stay provisions of the Bankruptcy Code operated as a bar to the lawsuits filed against the Schmidts. Therefore, no appearance was made in the lawsuits by the Schmidts and default judgments were entered against them. Just as in Schmidt, Dr. Springs is not entitled to relief from the default judgment because he reached an incorrect legal conclusion.

Second, Dr. Springs claims several defenses which he believes are meritorious in support of his motion to set aside the default judgment. Dr. Springs is correct in stating the rule that the party seeking to set aside an entry of default must establish good cause for his failure to appear and the existence of a meritorious defense to the action. McClurg v. Flathead County Commissioners (1980), 188 Mont. 20, 610 P.2d 1153. Dr. Springs states in his brief that he "reasonably believed that he did not have to appear in this litigation because no personal judgment could be taken against him." We note that this belief is not established by affidavit. We also point out that a mistake as to his necessity to appear does not warrant setting aside the default judgment. The rule enunciated in McClurg states two conditions, both of which must be met to set aside an entry of default. Because Dr. Springs has failed to meet the first condition by establishing a good cause for his failure to appear, we need not rule on the second condition regarding his defenses.

6

Third, Dr. Springs maintains that we should set aside the deficiency judgment because the fair market value of the foreclosed property is in excess of the foreclosure sale bid. There is nothing in the record which supports Dr. Springs' contention that the fair market value of his house exceeds the foreclosure sale bid. This Court has stated many times that we can only consider evidence in the record. Great Northern Railway Co. v. Hatch (1934), 98 Mont. 269, 38 P.2d 976. We conclude that because there is no evidence in the record supporting Dr. Springs' argument, he is not entitled to relief based upon this argument.

Last, Dr. Springs argues that the District Court denied the various motions without holding a hearing or reviewing the parties' arguments, thus the District Court's order should be reversed and a hearing ordered. We point out that neither Rule 55(c) nor Rule 60(b), M.R.Civ.P., provides a right to an evidentiary hearing. In addition, Dr. Springs did not request a hearing from the District Court until after his motion had been denied. As to the reviewing of the parties' arguments, nothing in the record suggests the District Court did not properly receive each parties' motions and briefs before entering the order denying the motion to set aside the judgments.

Dr. Springs filed his motion to set aside the default judgment and supporting memorandum on February 13, 1986. The Bank filed their memorandum opposing Dr. Springs' motion on February 19, 1986. The District Court's order denying Dr. Springs' motion was filed February 20, 1986. Dr. Springs then filed his motion to set aside the order on February 26, 1986, and his memorandum in support of that motion on February 28, 1986. The Bank filed its reply brief on March 4,

7

1986, and the District Court entered the order denying the motion to set aside the order on March 6, 1986. We hold that the record does not demonstrate a lack of review of either party's arguments by the District Court.

Therefore, we conclude that Dr. Springs has not shown a manifest abuse of discretion by the District Court on any issue and affirm the District Court in full.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

8