No. DA 06-0180

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 112N

JOHN AND CHRISTINE MIDDLEMISS,

        Plaintiffs and Appellants,

    v.

CRYSTAL FOSTER, c/o MSP; BOB GEACH,
Former Second Shift Captain, MSP; TOM WOOD,
Security Major, MSP; MIKE MAHONEY,
Warden, MSP; BILL SLAUGHTER, Director
Department of Corrections,

        Defendants and Respondents.

APPEAL FROM:    The District Court of the Third Judicial District,
                In and For the County of Powell, Cause No. DV 2005-023,
                Honorable Ted Mizner, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                John Middlemiss (pro se), Montana State Prison, Deer Lodge, Montana

                Christine Middlemiss, (pro se), Conrad, Montana

        For Respondents:

                Hon. Mike McGrath, Montana Attorney General, Colleen E. Ambrose,
                Special Assistant Attorney General, Helena, Montana

Submitted on Briefs:  December 13, 2006

Decided:  May 8, 2007

Filed:

_____
                    Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      John Middlemiss is an inmate at the Montana State Prison and has been incarcerated since 1998. He and Christine married in 2004. On March 11, 2005, the Middlemisses filed a "Notice of Complaint" (Complaint) against several current and former employees of the Department of Corrections (DOC) alleging various civil rights violations, torts, and allegations of emotional and mental injuries. The Third Judicial District Court dismissed their Complaint and denied their Motions for Entry of Default Judgment against the Defendants. We affirm.

## ISSUES

¶3      A restatement of the issues before this Court is:

¶4      Did the District Court abuse it discretion in denying the Middlemisses' Motions for Entry of Default Judgment against the Defendants?

¶5      Did the District Court err in granting the Defendants' M. R. Civ. P. 12(b) (Rule 12(b)) motion to dismiss the Complaint?

## FACTUAL AND PROCEDURAL BACKGROUND

2

¶6 In March 2005 the Middlemisses filed a Complaint against Defendants Foster, Geach, Wood, Mahoney and Slaughter (Defendants). The Complaint appears to allege various civil rights violations, torts, and allegations of emotional and mental injuries. Counsel for Foster, Wood, Mahoney and Slaughter accepted service on April 20, 2005. Defendant Geach was not properly served until October 18, 2005. The Montana Attorney General received a letter with a copy of the Complaint on May 9, 2005.

¶7 On May 11, 2005, Middlemisses moved for entry of default judgment against Geach on the ground that he had not filed a timely answer. Counsel for the remaining Defendants filed a special appearance opposing the motion, arguing that Geach, a former DOC employee, had not at that point been served with process and therefore the District Court did not have jurisdiction over him.

¶8 On June 20, 2005, Foster, Wood, Mahoney and Slaughter filed a Rule 12(b) Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement. The Motion asserted that the Complaint was "so vague and ambiguous that Defendants cannot reasonably be required to frame a responsive pleading."

¶9 On December 20, 2005, Middlemisses filed a motion for default judgment against all of the Defendants claiming that none of them had filed timely answers to their Complaint. On February 13, 2006, the District Court granted the Defendants' motion to dismiss the Complaint and denied Middlemisses' Motion for Entry of Default Judgment.

¶10 Middlemisses appeal.

## STANDARD OF REVIEW

3

¶11    Whether a complaint fails to state a claim upon which relief can be granted is a conclusion of law. We review a district court's grant of a Rule 12(b) motion to dismiss to determine whether the court's interpretation of the law is correct. *Cape v. Crossroads Correctional Center*, 2004 MT 265, ¶ 10, 323 Mont. 140, ¶ 10, 99 P.3d 171, ¶ 10 (internal citations omitted).

¶12    We review a court's grant or denial of a motion for entry of default judgment to determine if the court abused its discretion. *Johnson v. Matelich*, 163 Mont. 329, 517 P.2d 731 (1973).

## DISCUSSION

¶13    The District Court concluded in its Opinion and Order that the Middlemisses' Complaint fell "far short of presenting a claim based upon the law." It identified several inadequacies in the Complaint, including but not limited to, "extensive intermingling of legal terms and legal theory to such a degree that the [c]ourt cannot clearly discern what Plaintiffs are alleging and what legal theories upon which they are relying." The court also observed that the Middlemisses did not clearly indicate whether they were suing the Defendants in their official capacities or as individuals.

¶14    We acknowledge that in denying the Middlemisses' request for default judgment, the District Court incorrectly stated that Defendant Geach never had been properly served and therefore default judgment could not be taken against him. Moreover, the court failed to address the Middlemisses' motion for default judgment vis-à-vis the remaining Defendants. We conclude, however, that because the District Court correctly dismissed

4

the Complaint against all of the Defendants under Rule 12(b), this error is harmless and does not constitute an abuse of the court's discretion.

¶15　　We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the record before us that the District Court correctly dismissed the Middlemisses' Complaint for its failure to state a claim upon which relief could be granted.

¶16　　For the foregoing reasons, we affirm the judgment of the District Court.

/S/ PATRICIA COTTER

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JIM RICE

5