JUSTICE RICE,
dissenting.
¶19 By granting relief here, I believe that the Court extends M. R. Civ. P. 60(b)(6) beyond the line drawn by our jurisprudence for “extraordinary circumstances” involving “gross neglect or actual misconduct” by an attorney.
¶20 We granted relief to the client whose attorney suffered “severe depression and emotion problems” which left him unable to adequately represent and communicate with the client, against whom judgment was entered, in Ring v. Hoselton, 197 Mont. 414, 418, 426-27, 643 P.2d 1165, 1168, 1172-73 (1982). In Lords v. Newman, 212 Mont. 359, 361, 367-69, 688 P.2d 290, 292, 295-96 (1984), we granted relief where an attorney appeared in a case without authorization and then abandoned his clients and disappeared. We reasoned that the lawyer’s actions “do not constitute mere bungling of his duties or ineffective representation. [The lawyer] totally abandoned his clients and disappeared from sight. To add insult to injury, before disappearing, [the lawyer] made a general appearance on behalf of the clients who had neither been served with process nor authorized him to so act." Lords, 212 Mont. at 367, 688 P.2d at 295. Under these circumstances we found it *359 “unconscionable to apply the general rule charging the client with the attorney’s neglect.” Lords, 212 Mont. at 368, 688 P.2d at 295. In Twenty-Seventh Street, Inc. v. Johnson, 220 Mont. 469, 470-71, 716 P.2d 210, 210-11 (1986), we granted relief where the attorney improperly withdrew from representation and failed to notify the clients of a pending motion for default judgment. In Karlen v. Evans, 276 Mont. 181, 190, 915 P.2d 232, 238 (1996), we granted relief where the attorney ‘intentionally misled [the clients] into believing that their case was progressing and concealed from them the fact that the case had actually been dismissed.’In Maulding v. Hardman, 257 Mont. 18, 23-28, 847 P.2d 292, 296-99 (1993), we granted relief based upon misconduct of the opposing attorney in obtaining a default judgment.
¶21 In contrast, we denied relief in Schmidt v. Jomac, Inc., 196 Mont. 323, 639 P.2d 517 (1982), reasoning that ‘[t]he contention that counsel did not file an answer because he mistakenly relied on the automatic stay provision of the Bankruptcy Code is insufficient under the law”for relief under either Rule 60(b)(1) or (b)(6). Schmidt, 196 Mont. at 326-27, 639 P.2d at 519-20; see also Karlen, 276 Mont. at 186, 915 P.2d at 236. Similarly, we denied relief in Griffin v. Scott, 218 Mont. 410, 411-13, 710 P.2d 1337, 1337-39 (1985), under Rule 60(b)(1) when counsel failed to respond to a complaint and summons forwarded to him by his clients ‘because of the amount of mail and other work which had accumulated” over the Christmas holiday when he was gone. If this did not establish sufficient cause under subsection (b)(1), it certainly would not satisfy ‘the higher burden of demonstrating extraordinary circumstances, gross neglect or actual misconduct” required under subsection (b)(6). Karlen, 276 Mont. at 190, 915 P.2d at 238. In Falcon v. Faulkner, 273 Mont. 327, 330, 903 P.2d 197, 199 (1995), the client was sued and, on the advice of his counsel who believed Montana lacked jurisdiction over the client, failed to answer or appear. We denied relief under Rule 60(b)(6), reasoning that the attorney’s advice, while “very bad indeed, nevertheless does not rise to the level of gross neglect. [The lawyer] believed [the client] was not subject to Montana jurisdiction, but he was wrong. He did not, however, abandon [the client] mid-way through an action, or misrepresent to [the client] the steps he was taking.” Falcon, 273 Mont. at 334-35, 903 P.2d at 202. We also noted that the attorney’s lack of malpractice insurance was not relevant to our consideration. Falcon, 273 Mont. at 335, 903 P.2d at 202.
¶22 We did clarify, in Skogen v. Murray, 2007 MT 104, ¶ 16, 337 Mont. 139, 157 P.3d 1143, that “total abandonment is not the standard” *360 under Rule 60(b)(6) for the reason that gross neglect can occur when there is “continued contact between attorney and client.” However, we granted relief on grounds similar to our previous cases: the lawyer had failed to file his client’s objections while falsely telling the client not to worry about the deadline as ‘he had an agreement with opposing counsel that the deadline would be extended.” Skogen, ¶ 15.
¶23 In my view, our cases draw a consistent distinction between mere attorney error-even ‘Very bad” error as in Falcon-and the gross error which must occur to satisfy the high burden of “extraordinary circumstances” required for relief under Rule 60(b)(6). Karlen, 276 Mont. at 190, 915 P.2d at 238. More than an error in legal judgment, the latter group of cases involve an attorney’s malfeasance or concealment which misled the client about the client’s legal interests or about the status of the client’s proceeding. Here, the attorney litigated the case to its conclusion, trying the case in the client’s presence. The client had the full opportunity to observe the proceeding, discuss the attorney’s strategy, and to ask about the evidence she wanted submitted. As the Court notes, Rule 60(b) is not a vehicle to allow a party to retroactively argue a factual issue on which it failed to submit evidence. Opinion, ¶ 15.
¶24 Under our standard of review, Rule 60(b)(6) decisions are ‘left to the sound discretion of the trial court.” Karlen, 276 Mont. at 190, 915 P.2d at 238.1 would affirm the trial court.