UNITED STATES RUBBER COMPANY, a Corporation, Plaintiff and Respondent, v. COMMUNITY GAS & OIL CO., Inc., a Corporation, Defendant and Appellant.

No. 10166.

Submitted January 10, 1961. Decided February 9, 1961.

Rehearing Denied February 27, 1961.

359 P.2d 375

Sandall, Moses, Cavan & Battin, Coleman, Lamey & Crowley, Billings, for appellant.

Cale J. Crowley, argued orally.

Dillavou & Hauf, Billings, for respondent.

John A. Hauf argued orally.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from an order denying a motion to vacate a default judgment. The default was entered on December 29, 1959, after a demurrer was overruled and twenty days allowed for answer on September 28, 1959. The motion to set aside the default was filed on January 19, 1960, together with a proposed answer and an affidavit setting forth reasons why an answer had not been filed.

The issue here is limited to but one question. Did the district court abuse its discretion in denying the motion to set

aside the default on the showing made of mistake, inadvertence or excusable neglect? To be more specific, was there excusable neglect?

It appears that plaintiff's counsel and defendant's counsel discussed the matter of the filing of an answer. Plaintiff's counsel orally extended the time in which to answer pursuant to local custom. About six weeks prior to the entry of default, plaintiff's counsel called on the telephone about the answer and was informed that it would be filed "tomorrow". When no answer was filed, plaintiff's counsel wrote a letter to defendant's counsel. The letter stated:

"It has been more than three months since the Demurrer was overruled in the above matter.

"I called you once and you said you would file an Answer the next day.

"Our clients are quite displeased that we have let this matter ride along for this length of time, so this is to notify you that if an Answer is not filed within a week from date, we will feel free to enter a default in this matter."

Defendant's counsel received the letter, but did not read it. His affidavit explains his reason, as follows:

"* * * that on or about the 21st day of December, 1959, Plaintiff's counsel sent affiant a letter, advising affiant that the default of Defendant would be taken unless an answer was filed by the 28th day of December, 1959; at approximately the same time, affiant had another matter pending with Plaintiff's counsel which was about to be terminated, and in a conference with Mr. John Hauf, one of Plaintiff's counsel, it was indicated that Mr. Hauf would send to affiant a letter pertaining to such other matter, and for the reason that the matter was of no great importance and had been largely terminated, when affiant received the aforesaid letter which contained notice of the intention to default defendant, affiant reasonably assumed that this was the letter to which Mr. Hauf had referred, and affiant, because of the press of other things of

great urgency, *did not read the letter,* intending to read it at some later time when matters of less urgency could be attended to; that for the reasons aforesaid affiant was therefore not aware of Plaintiff's intention to take Defendant's default;

\* \* \*

"That affiant states that his failure to file the answer and counterclaim during the time allowed by the Court was due, first, to the well-known and universal practice among lawyers of this County that written stipulations for additional time to plead were not necessary and that ample time would always be given to attorneys who for sufficient reasons and in good faith required the same, and second, to the large number of important, urgent and time consuming matters in which affiant was engaged during the period preceding the taking of Defendant's default, and third, to the inadvertence of affiant in neglecting to read the letter from Plaintiff's counsel, based upon affiant's reasonable assumption that the letter referred to another matter which was then of no special importance or urgency."

Upon receiving no response to the letter, plaintiff's counsel entered default and took judgment the same day. The motion to vacate was made about three weeks later.

We are called upon to determine whether the district judge abused his discretion in denying the motion to set aside the default upon the foregoing showing of neglect. In short, the showing of neglect was that the attorney failed to read his mail and his reasons for the failure.

This same problem has been before this court many times and the court has had difficulty. Perhaps as the Honorable Victor H. Fall observed in his dissent in Worstell v. DeVine, 135 Mont. 1, 10, 335 P.2d 305, 310, we have set up monuments "to the long delays of which we have entirely too many in the history of the law." A study of the cases reveals that this court has gone far to see that a trial on the merits was had. The court has even distinguished between abuse of discretion

by trial courts in *granting* a motion to vacate a default and in *denying* such a motion as in Reynolds v. Gladys Belle Oil Co., 75 Mont. 332, 340, 243 P. 576, where it was held that slight abuse of discretion in refusing to set aside a default judgment is sufficient to justify a reversal.

The test seems to be whether the reasons given for the neglect are such that reasonable minds might differ in their conclusions concerning excusable neglect. If so, the doubt should be resolved in favor of a trial on the merits.

In Worstell v. DeVine, supra, counsel had *assumed* the date of service of a complaint to be the day his client brought it to his office. He was defaulted the twenty-first day and moved promptly to set aside the default. We held the mistaken belief as to the date of service as excusable neglect.

In a more recent case, Schalk v. Bresnahan, 138 Mont. 129, 354 P.2d 735, we held forgetfulness for fourteen and one-half months because of more important business was inexcusable.

Now, we have basically the failure to read a letter for a period of about two or three weeks because of being busy, the holiday season, and *the mistaken assumption that the letter concerned a different matter.* Just how anyone can assume, in a law office, the contents of a letter from another lawyer is hard to understand.

In Worstell v. DeVine, supra, we pointed out the knowledge of the defaulting lawyers, as well as the speed of the default, on the twenty-first day. Here, we have no great speed, complete knowledge that an answer was past due, being urged, and in fact promised. It is conceded that plaintiff's lawyer acted in complete good faith.

As remarked in Schalk v. Bresnahan, supra, 138 Mont. 129: "In recent cases, Worstell v. DeVine, 135 Mont. 1, 335 P.2d 305; Cure v. Southwick, 137 Mont. 1, 349 P.2d 575, and Simons v. Keller, 137 Mont. 52, 350 P.2d 366, this court has gone a long way in permitting the opening of defaults. * * *"

But, we feel that the court should not go further. The action of defendant's counsel in the instant case, is inexcusable neglect and the district court did not abuse its discretion in denying the motion.

As to the dissent of Mr. Justice Adair, I agree with the thought there delivered. However, it is not at all applicable in this case because it is specifically conceded (and the actions of counsel make the concession necessary) that counsel for plaintiff acted in complete good faith.

Two separate dissents and a special concurrence in this case demonstrate wherein the District Court did not abuse its discretion in refusing to set aside the default judgment.

The order appealed from is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON concurs.

MR. JUSTICE JOHN C. HARRISON specially concurring:

I concur with the majority in affirming the order of the district court denying defendant's motion to vacate the default judgment. However, I do not agree with the view expressed by the majority and by Mr. Justice Angstman in his dissent that the actions of defendant's counsel constitute inexcusable neglect.

Under section 93-3905, R.C.M.1947, the court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect.

The denial of the motion to vacate the default judgment does not necessarily mean that the district court considered the conduct of defendant's counsel inexcusable neglect.

The district court could have denied the motion on the ground that there was merely an absence of the mitigating factors of mistake, inadvertence, surprise, or excusable neglect.

It also could have denied the motion even if it had found any of these mitigating factors present, if at the same time it had found that there was no meritorious defense on the part of the defendant, or that the granting of the relief would not be in furtherance of justice.

Since it is clear that the order of the district court could have been made without a finding of inexcusable neglect, which in fact was the case, likewise the order could be affirmed without a finding of inexcusable neglect.

The district court did not abuse its discretion in denying the motion and there was substantial evidence to support the order, so I would affirm the order on that basis.

But there was not a showing of inexcusable neglect. There was, at most, mistake or inadvertence.

MR. JUSTICE ANGSTMAN dissenting:

I concur in the view that the affidavit of counsel shows inexcusable neglect on his part, but I do not agree that his neglect should be imputed to his client, in order to avoid delay or to promote the speedy termination of litigation. I think the default should be set aside and the cause tried on its merits.

My reasons for not imputing the neglect of counsel to his client are set forth in my dissenting opinion in Schalk v. Bresnahan, 138 Mont. 129, 354 P.2d 735, and will not be repeated here.

Furthermore, I am not able to agree with the specially concurring opinion of Justice John C. Harrison to the effect that there was room for a finding that there may have been lacking a meritorious defense or a finding that the granting of the motion to set aside the default would not be in furtherance of justice.

The defendant tendered an answer which sets forth a general denial and a counter-claim. The court could not, or at least ought not, in ruling on the motion to set aside the default

and without trial, determine that there was no merit in defendant's answer or that a trial on the merits could not be in furtherance of justice.

MR. JUSTICE ADAIR dissenting.

I dissent.

Counsel who represented the plaintiff, United States Rubber Company, and the counsel who represented the defendant, Community Gas & Oil Co., Inc., in the district court, all reside and maintain their law offices in Billings, Montana.

No lawyer should unnecessarily have a personal difficulty with his brother in the profession.

"Let him be liberal to the slips and oversights of his opponent wherever he can do so, and in plain cases not shelter himself behind the instructions of his client. The client has no right to require him to be illiberal—and he should throw up his brief sooner than do what revolts against his own sense of what is demanded by honor and propriety." Sharswood's Professional Ethics, 5th ed., published by the American Bar Association, 1907, at pp. 73-75.

The plaintiff, United States Rubber Company, is not a lawyer, but its counsel is.

As I wrote in my specially concurring opinion in Worstell v. DeVine, 135 Mont. 1, at page 7, 335 P.2d 305, at page 308:

"Be not too ready to demand your 'pound of flesh' even though under the law, it may be your due.

"Be not too hasty in taking the default of a litigant represented by counsel, nor too tenacious in hanging on to such advantage once gained. Next time it may be your client who is in default and you may be the petitioner for relief."

Chickens come home to roost.

The default judgment should be vacated and set aside and the cause should be remanded for trial.