No. 85-273

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

WILLIAM J. GRIFFIN and BRENDA G.
GRIFFIN,

        Plaintiffs and Respondents,

    -vs-

KENNETH E. SCOTT and BARBARA J.
SCOTT,

        Defendants and Appellants.

APPEAL FROM: District Court of the Twentieth Judicial District,
In and for the County of Sanders,
The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Tipp, Hoven, Skjelset & Frizzell; Raymond P. Tipp,
Missoula, Montana

    For Respondent:

        Baxter, Fletcher & Hanson; Robert L. Fletcher,
Thompson Falls, Montana

Submitted on briefs: Aug. 15, 1985

Decided: November 6, 1985

Filed: NOV 6 - 1985

Ethel M. Harrison
_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Kenneth and Barbara Scott, appellants, appeal the denial of a motion to set aside a default judgment entered in the District Court of the Twentieth Judicial District, Sanders County. We affirm.

William and Barbara Griffin, respondents, filed a complaint on November 28, 1984, claiming a prescriptive easement over an existing roadway across appellants' adjoining property. The complaint and summons were personally served on appellants on December 5, 1984, at their home in Wyoming. On about December 14, 1984 appellants mailed these and other documents to their counsel, Raymond Tipp, in Missoula, Montana. He left for a two-week vacation on December 20, 1984, unaware that the summons and complaint arrived at his office that day. Tipp returned to his office on January 4, 1985, but did not review the information appellants had sent because of the amount of mail and other work which had accumulated. He did not discover that a default judgment had been entered on January 11, 1985, until he saw a credit bureau report on February 12, 1985. At that time he reviewed the information from his clients and contacted respondents' attorney to request a stipulation that the judgment be set aside. He then asked the District Court, on February 21, 1985, to set aside the judgment on the basis of mistake, inadvertence or excusable neglect pursuant to Rule 60(b), M.R.Civ.P.

Respondents opposed this motion citing appellants' lack of diligence in addition to counsel's failure to read his incoming mail. Appellants had not responded to a letter from respondents mailed August 2, 1984 which outlined the problems

2

between the parties in detail and urged them to contact an attorney. They also declined to respond to a follow-up letter three weeks later advising them that respondents would proceed formally to determine the extent of their easement. Even after they received the complaint and summons, appellants apparently did nothing to monitor the status of the suit.

Respondents filed their motion for default judgment on January 8, 1985. The judgment, entered January 11, 1985, awarded respondents an easement over an existing roadway along the edge of appellants' property and permanently enjoined appellants from obstructing the easement. The District Court held a hearing on appellants' motion to set aside the default judgment on March 26, 1985 and denied the motion on April 12, 1985.

Appellants raise two issues on appeal:

(1) Whether the District Court erred by not setting aside the default judgment on the basis of mistake, inadvertence or excusable neglect.

(2) Whether the District Court had authority to enter a default judgment in a quiet title action without a prima facie showing of a right to easement by competent evidence.

The standard of review where a district court has denied a motion to set aside the default "is that no great abuse of discretion need be shown to warrant reversal." Lords v. Newman (Mont. 1984), 688 P.2d 290, 294, 41 St.Rep. 1793, 1797. Another statement of this standard "is that only 'slight abuse' is sufficient to reverse an order refusing to set aside a default." (Citations omitted.) Lords, 688 P.2d at 293.

3

The test to determine whether the neglect is excusable and sufficient to set aside a default is:

> . . . whether the reasons given for the neglect are such that reasonable minds might differ in their conclusions concerning excusable neglect. If so, doubt should be resolved in favor of a trial on the merits.

United States Rubber Co. v. Community Gas & Oil Co. (1961), 139 Mont. 36, 39, 359 P.2d 375, 376. In United States Rubber, the attorney's neglect consisted of his failure to read his mail for two or three weeks "because of being busy, the holiday season, and the mistaken assumption that the letter concerned a different matter." (Emphasis in original.) 139 Mont. at 39. We held that the attorney's actions were inexcusable neglect and that the district court had not abused its discretion in denying a motion to set aside the default judgment. In the case at bar the attorney's actions are surprisingly similar to those at issue in United State Rubber. The attorney here, in his affidavit, cited the accumulation of mail and work in his office and his absence over the Christmas holiday as the reason for failing to read his clients' letter for about five weeks. During the hearing on the motion to set aside the default judgment, he stated that he had not given the documents prompt attention because, in his past dealings with appellants, problems generally went on for months and months. Although this is not an assumption that the documents concerned a different matter, the attorney did mistakenly assume the documents did not concern a matter requiring prompt attention. Another difference is that in United States Rubber the letter was from an opposing attorney. However, these factual differences are not sufficient to distinguish the two cases.

4

We note also that there are several other attorneys in Tipp's office, according to signatures in the District Court file, who could have reviewed the mail and discovered the complaint. As in United States Rubber, this attorney's failure to read his mail for five weeks because of work which had accumulated in his absence over a holiday is not excusable neglect.

The neglect of an attorney generally may be attributed to the client except where the attorney's action constitutes "actual misconduct," Lords, 688 P.2d at 295, and the clients are "blameless." Lords, 688 P.2d at 296. In Lords, the attorney made a general appearance in court on behalf of clients who had not been served with process and who had not authorized him to act. He then disappeared from sight. The clients attempted to contact him and proceeded "with diligence to rectify the court's action." Lords, 688 P.2d at 296. Here the attorney's action does not approach the misconduct of the attorney in Lords. Further, knowing that an appearance was due the day after Christmas, appellants waited until at least December 14 to mail the papers to their attorney and apparently did nothing to check on the suit. Nothing in the record shows they let their attorney know the matter would require prompt attention. Under these circumstances, the district court did not abuse its discretion in refusing to set aside the default judgment.

In the second issue, appellants refer to plaintiffs' action as a quiet title action under § 70-28-101 et.seq., MCA. They contend that § 70-28-108, MCA requiring plaintiffs "produce evidence sufficient to prima facie entitle [them] to relief" before they are entitled to a default decree was not satisfied. They claim the plaintiffs produced no evidence to

5

show they were entitled to relief, thus the default judgment should be set aside. This action did not adjudicate ownership of real property, or even adjudicate the ownership of the easement. The judgment addresses only the use of the roadway between the individuals named as parties. As such it is not a quiet title action to which § 70-28-108, MCA applies. We therefore hold the District Court had authority to enter the default judgment.

The order of the District Court is affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

6