No. 86-526

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

DAVID SIEWING and ARNOLD SIEWING,

        Plaintiffs and Respondents,

  -vs-

PEARSON COMPANY, a corporation,

        Defendant and Appellant.

---

APPEAL FROM:  District Court of the Seventeenth Judicial District,
In and for the County of Phillips,
The Honorable Leonard Langen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Bosch, Kuhr, Dugdale & McKeon; John C. McKeon,
Malta, Montana

    For Respondent:

        Robert Hurly, Glasgow, Montana

---

Submitted on Briefs: March 5, 1987

Decided:  April 21, 1987

Filed: APR 21 1987

_____
Clerk

Mr. Justice L.C. Gulbrandson delivered the Opinion of the Court.

Pearson Company, defendant and appellant, appeals the denial of a motion to set aside a default judgment entered against it in the District Court of the Seventeenth Judicial District, County of Valley. We affirm.

David and Arnold Siewing, respondents, purchased a seed cleaning machine from Pearson Co. in April 1985. Siewings were dissatisfied with the performance of the machine. The screen through which the seed passed was allegedly warped, causing the seed to spill uncontrollably out of the machine. Siewings contacted Pearson Co. and voiced their dissatisfaction. Pearson Co. offered to replace the machine and delivered a second machine to the Siewings. After determining the machine to be identical to the first in every respect other than size of the motor, Siewings refused delivery.

On January 23, 1986, Robert Hurly, attorney for the Siewings, wrote Pearson Co. requesting an immediate, full refund on the machine and compensation for the damages suffered by Siewings. No satisfactory response was received. A second letter was sent by Hurly on April 1, 1986. This time the letter was addressed to Bob Melton, a salesman for Pearson Co., with whom Hurly had been in telephone contact. The letter stated that unless satisfaction was forthcoming within ten days, a lawsuit would be filed. A copy of the complaint accompanied the letter. No response was received.

A complaint alleging breach of warranty was filed April 22, 1986. Pearson Co. was served with a summons and a copy of the complaint on May 5, 1986. Neither a motion to dismiss nor an answer was filed by Pearson Co. Siewings moved on May 28, 1986, to enter the default of the defendant. Default was

entered the same day. Evidence pertaining to damages was presented to the court on July 23, 1986. Findings of fact, conclusions of law and judgment were signed by the judge on July 29, 1986, and filed with the clerk of court on July 31, 1986.

On July 25, 1986, the defendant contacted and engaged a Montana attorney, John C. McKeon, to represent the defendant. McKeon advised the defendant that he had been present in open court on July 23, 1986, and had observed the presentation of testimony leading to the entry of the default judgment.

Thereafter, on August 21, 1986, McKeon filed a motion to set aside the default judgment. The motion was accompanied by the affidavit of James L. Shook, Vice President and Assistant Secretary of Pearson Co. The affidavit contained very few pertinent facts.

> Service of the summons of this action was served to Pearsons to our mail carrier on or about May 5, 1986.
>
> Our mail carrier delivered said notice to our Senior Vice President. Through an oversight, our Senior Vice President did not respond and has since left our employment. Upon finding the correspondence in his desk, we immediately started proceedings.
>
> On July 25, 1986, we first contacted and engaged our attorney, Mr. John McKeon, . . . to represent us.

The motion to set aside the default judgment was heard September 3, 1986. At that hearing, McKeon requested leave for Shook to file a supplementary affidavit. McKeon presented the facts which would be included in the supplementary affidavit. McKeon told the court that the complaint had been received by Harry Knupple, a Vice-President with Pearson Co. Knupple was dissatisfied with Pearson Co. and resigned on May 16, 1986. The documents

3

in Knupple's possession were placed in a box which was given to James Shook. Shook found the complaint in this cause on July 1, 1986. Shook was leaving on vacation so gave the complaint to Tom Davis, who had been Pearson Co.'s controller for three months. Davis was asked to immediately respond to the complaint and on July 25, 1986, he contacted attorney McKeon.

At the close of the hearing, the motions to set aside the default judgment and for supplementary affidavit were denied. The trial judge held that the motion to set aside was based on excusable neglect and that excusable neglect had not been proven by Pearson Co. He further found that had the additional facts been properly before the court, there still would be inadequate proof of excusable neglect and therefore, there was no need for the supplementary affidavit.

Pearson now appeals the denial of its motion to have the default judgment set aside. One issue is before us. Did the trial judge err in denying Pearson Co.'s motion to set aside Siewings' default judgment? We find no error.

Rule 60(b), M.R.Civ.P., provides the trial judge with discretion to relieve a party from a final judgment when that judgment is acquired due to the party's mistake, inadvertence, surprise, or excusable neglect. Rule 55(c), M.R.Civ.P., provides that good cause must be shown before the court may set aside an entry of default. The party seeking to set aside the entry of default has the burden of proof. First National Bank of Cut Bank v. Springs (Mont. 1987), 731 P.2d 332, 335, 44 St. Rep. 44, 47.

In this case, Pearson is attempting to prove excusable neglect for its failure to appear. The only admissible evidence presented by Pearson to prove excusable neglect was the affidavit of James Shook. That affidavit is devoid of any facts which might prove excusable neglect. We do not

4

know why Knupple did not bring the complaint to the attention of other individuals before his departure. We do not know why Shook took from May 16 to July 1 to discover the complaint. We do not know why Shook chose to go on vacation, leaving pursuance of an answer to a new employee. We do not know why that new employee took more than three weeks to contact an attorney regarding the complaint.

The proper standard of review when a trial judge <u>denies</u> a motion to set aside an entry of default is whether there has been a slight abuse of discretion. If the trial judge <u>grants</u> the motion to set aside, the standard of review is whether there has been a manifest abuse of discretion. See discussion in Lords v. Newman (Mont. 1984), 688 P.2d 290, 293-294, 41 St.Rep. 1793, 1795-1796.

None of the evidence presented to the trial judge proves excusable neglect. The failure to appear due to forgetfulness and the press of other, more important business, is not sufficient to establish excusable neglect. Foster Apiaries, Inc. v. Hubbard Apiaries, Inc. (Mont. 1981), 630 P.2d 1213, 1216, 38 St.Rep. 1025, 1028-1029. Inattention to incoming mail and taking of a vacation at Christmas are insufficient proof of excusable neglect. Griffin v. Scott (Mont. 1985), 710 P.2d 1337, 42 St.Rep. 1695. Likewise, a failure to appear caused by inattention to pertinent documents, the resignation of a company officer and the taking of a summer vacation by another officer do not establish excusable neglect.

We do not find an abuse of discretion and the judgment is affirmed.

We concur:

_____
Chief Justice

_____
Justice

5

_John Conway Harrison_

_Frank I. Haswell_

_John C. Sheehy_

_William E. Hunt_

Justices