No. 88-375

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

ROBERT A. MYERS,

        Plaintiff and Respondent,

  -vs-

ALL WEST TRANSPORT,

        Defendant and Appellant.

---

APPEAL FROM:  District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C.B. McNeil, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Stewart A. Pearce, II, Missoula, Montana

    For Respondent:

        Don Vernay, Bigfork, Montana

---

Submitted on Briefs:  Nov. 17, 1988

Decided:  December 22, 1988

Filed:

'88 DEC 22 PM 1 10
FILED
CLERK
MONTANA SUPREME COURT

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

All West Transport (All West) appeals from an order refusing to set aside a default judgment against it. The District Court for the Twentieth Judicial District, Lake County, ruled that All West had failed to satisfy any of the requirements of Rule 60(b), M.R.Civ.P. We affirm.

The issue is whether the District Court abused its discretion in refusing to set aside the default judgment.

On January 14, 1988, plaintiff Mr. Myers filed his complaint against All West for wrongful delivery of lumber to a consignee in Denver, Colorado. The complaint alleges that while the shipment was in transit Mr. Myers contacted All West to order that the shipment be stopped and rerouted, but that All West intentionally and wrongfully delivered the lumber as originally instructed. Damages of $6,800, for the value of the lumber, plus interest, attorney fees, and costs, were claimed. All West was served with the complaint on January 15, 1988. On February 9, 1988, the clerk of court entered default judgment against All West.

On March 14, 1988, All West filed its affidavit and motion to set aside the default judgment. The motion was orally argued and on May 2, 1988, the court entered its order refusing to set aside the default judgment.

Did the District Court abuse its discretion in refusing to set aside the default judgment?

Rule 60(b), M.R.Civ.P., allows a court to relieve a party from a final judgment if, within a reasonable time, not more than 60 days after the judgment was entered, a showing is made of mistake, inadvertence, surprise, or excusable neglect. All West argues that it has made such a showing. This Court has stated that if a district court slightly

abused its discretion in refusing to set aside a default judgment, its refusal is reversible. Griffin v. Scott (Mont. 1985), 710 P.2d 1337, 1338, 42 St.Rep. 1695, 1697. The party seeking to set aside the default has the burden of proof. Siewing v. Pearson Co. (Mont. 1987), 736 P.2d 120, 122, 44 St.Rep. 800, 802.

The affidavit submitted with the motion to set aside the default sets forth the following statement of facts. The complaint was served upon Betty Edwards at the offices of All West. (Betty Edwards and her husband do business as All West.) She delivered the complaint and summons to the office of All West's attorney about two weeks later, on January 29, 1988. The attorney was out of town at that time and did not return until February 3, 1988. On that date, the attorney phoned Betty Edwards and told her that, to represent All West, he would require all supporting documentation underlying this claim, a retainer fee, and filing fees. On February 8, 1988, All West's truck suffered transmission failure, requiring immediate repair. That depleted All West's cash reserves, and All West was unable to forward the required money to the attorney. The default judgment was entered with no further notice to All West and the judgment was executed upon on February 23, 1988. All West then filed its notice to set aside the default.

In its brief, All West argues that its motion to set aside the default judgment should have been granted. It stated that the motion was filed promptly, there is a good possibility that a trial on the merits would have produced a different result, and any reasonable doubt as to whether to set aside a default judgment is to be resolved by setting aside the default. This Court stated the standard of review to which All West refers in Kootenai Corp. v. Dayton (1979), 184 Mont. 19, 26, 601 P.2d 47, 51: the party moving to set

aside the default must show that it proceeded with diligence, that its excusable neglect caused the default to be entered against it, and that there is evidence of a meritorious defense.

In discussing the arguments of All West for setting aside the default, the District Court stated:

> The affidavit of Mrs. Edwards and her testimony introduced at oral argument upon Defendant's motion establish a factual situation of financial hardship on the part of the Defendant. As a practical matter, Defendant applied its limited funds to the unexpected repairs needed for one of its trucks rather than pay the costs and fee retainer requested by its counsel.
>
> Failure by a client to pay its attorney does not constitute excusable neglect by a party within the meaning of Rule 60(b). Neither does failure of an attorney to file an appearance because he has not been paid constitute excusable neglect by an attorney within said rule if, in fact, the attorney agreed to timely file an appearance.
>
> In either event, the Defendant has presented the Court no authority to support a finding of excusable neglect sufficient to set aside the Default Judgment merely because the Defendant failed to pay the advance costs and fee retainer requested by the attorney as a consequence of which no appearance was filed before default was entered.
>
> The Court suggests that the Defendant has not cited any such authority in support of its motion because there is no such authority nor should there be any. The Defendant has wholly failed to satisfy any of the requirements of Rule 60(b), and its motion to set aside the Default Judgment of February 9, 1988 is denied.

The above discussion indicates that the District Court was not convinced that there was excusable neglect.

> The test to determine whether the neglect is excusable and sufficient to set aside a default is:
>
> > . . . whether the reasons given for the neglect are such that reasonable minds might differ in their conclusions concerning

4

> excusable neglect. If so, doubt should be resolved in favor of a trial on the merits.

United States Rubber Co. v. Community Gas & Oil Co. (1961), 139 Mont. 36, 39, 359 P.2d 375, 376.

Griffin, 710 P.2d at 1338.

Here, the actions of both Betty Edwards and her attorney may be said to have contributed to the entry of the default. All West's attorney should have been aware of the need to act quickly, as there were only a few days left to answer the complaint when he first saw it in his office. The general rule is that neglect of an attorney is attributable to the client. Lords v. Newman (1984), 212 Mont. 359, 367-68, 688 P.2d 290, 295. In Lords, an exception to that general rule was recognized for cases in which the defaulting party experienced total abandonment by its attorney. That is not the case here.

This Court has held that failure to appear to defend an action due to forgetfulness, the press of other business, or inattention to mail do not establish excusable neglect. Siewing, 736 P.2d at 122. All West's reasons for failing to respond are similar to the reasons listed in Siewing. The situation in this case is a far cry from Kootenai, in which excusable neglect was found when there were six days between service of process and entry of the default judgment, and where the defaulting party submitted an affidavit stating that he mistakenly believed that he needn't appear in the action until another party was served. Here, 25 days elapsed between the time Betty Edwards was served with process and the entry of default judgment. The summons served upon her stated that if the complaint was not answered within 20 days, judgment would be taken against All West by default. All West chose to apply its limited funds to the repair of a truck rather than to the defense of this action. All West

5

made no further attempt to get legal representation or otherwise respond to the summons. We conclude that the District Court did not abuse its discretion in refusing to find that the reasons given for All West's failure to act constituted excusable neglect.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

Mr. Justice R. C. McDonough dissents as follows:

I dissent. The majority cites the correct rules but fails to apply them. Generally, decisions denying motions to set aside default judgments under Rule 60(b), M.R.Civ.P., should be reversed on a showing of slight abuse of discretion, doubts should be resolved in favor of the moving party, and each decision should be reviewed on a case by case basis. The majority in applying these rules misreads Siewing and Lords to hold against All West.

In Siewing, this Court affirmed the decision of the lower court to deny a motion to set aside a default judgment because:

> a failure to appear caused by inattention to pertinent documents, the resignation of a company officer and the taking of a summer vacation by another officer do not establish excusable neglect.

Siewing, 736 P.2d at 122. In this case the excuses discussed are financial hardship and neglect of counsel. These complaints differ from the unexplained neglect in Siewing, and they create doubts on whether to find excusable neglect.

In Lords this Court stated that generally, courts impute counsel's neglect to clients, but went on to state:

> "'This court has been hesitant to impute the neglect of an attorney to his client; and has been loathe to permit this neglect to bar a hearing on the merits. Whether or not the varying shades of excusable neglect [neglect by counsel] previously remarked on can be distinguished, we choose to think that where reasonable minds might differ in their conclusions of excusable neglect, the doubt should be resolved on the merits.'"

7

Lords, 688 P.2d at 295 (emphasis added). The exception, that is, finding excusable neglect for counsel's neglect, appears to have swallowed the general rule that courts impute to the client the neglect of counsel. See 6 J. Moore, Moores Federal Practice ¶ 55.10, at 55-66 (2d ed. 1988). And this Court has further recognized that under the principles governing the decision to set aside default judgments, Montana has moved away from the rule that the client is "absolutely responsible for her attorney's neglect." Graham v. Mack (Mont. 1984), 699 P.2d 590, 594. The failure of counsel to act quickly here weighs for finding excusable neglect.

The majority also holds that All West's temporary inability to provide a retainer for counsel provides no excuse for failing to respond. According to the majority, All West chose to apply its limited funds for truck repair rather than for defense of the action. This reasoning does not reflect resolution of doubt in favor of setting aside a default judgment. Choosing to provide funds for one's business instead of paying for a response to a complaint may constitute willful disregard for the legal process. However, where the repairs are essential to the day to day operations of the business, the failure to respond due to an unexpected happening may be reasonably excused. Both the temporary lack of funds and counsel's neglect in acting quickly weigh for granting the motion to set aside the default judgment.

The majority and the District Court err in their reliance on distinguishable case law. The Court cites the rule that each case must be reviewed individually, but the result arrived at here fails to judge the motion to set aside on the merits of the unique facts presented.

_____
Justice

8

Mr. Justice John C. Sheehy and Mr. Justice William E. Hunt, Sr.:

We concur in the dissent of Mr. Justice McDonough.

_____

_____
Justices