No.   93-354

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN RE THE MARRIAGE OF

RANAE L. BROERE,

     Petitioner and Respondent,

  and

ROBERT ALAN BROERE,

     Respondent and Appellant.

FILED

JAN 2 0 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell K. Fillner, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

    Mark P. Yeshe, Attorney at Law, Helena, Montana

    For Respondent:

    Jerrold L. Nye, Attorney at Law, Billings, Montana


               Submitted on Briefs:  October 21, 1993

                        Decided:  January 20, 1993

Filed:

_____
          Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

This appeal from the Thirteenth Judicial District, Yellowstone County, involves a marriage dissolution with property and custody issues, and the District Court's denial to set aside an entry of default under Rule 55(c), M.R.Civ.P.

The issue is whether the District Court erred in not setting aside the default judgment.

We reverse.

On January 19, 1993, respondent Ranae L. Broere filed a petition for dissolution of her marriage to appellant Robert Alan Broere. The dissolution involved the custody and support of three minor children, marital property, a pension, and debts. Robert was served with the petition and a summons on February 8, 1993.

On February 26, 1993, Robert, acting pro se, signed a response to the dissolution petition and "telefaxed" it to Ranae's attorney. Robert also telefaxed an acknowledgement of receipt form with a letter asking Ranae's attorney to sign and return the form as soon as possible. Robert misunderstood from the summons that he must file his response with the District Court since the summons did not direct that the response be filed with District Court, but directed him to file his answer and serve a copy upon Ranae's attorney. Robert believed the telefaxed response to Ranae's attorney was sufficient.

After receipt of Robert's response, Ranae's attorney sent Robert a note of issue on March 17, 1993, mistakenly believing Robert had filed his response with the District Court. The note of

2

issue was captioned with the Broere dissolution heading and said that on February 26, 1993, the trial was before the court upon the filing of respondent's response.

On March 19, 1993, Ranae's attorney filed a praecipe for default. On March 23, 1993, the District Court entered a decree of dissolution by default and ordered the following: (1) joint custody of the children, with Ranae as primary residential custodian; (2) Robert to pay $397 per month in child support and provide health insurance for the children; (3) all property in her possession awarded to Ranae; and (4) Ranae awarded one-half of Robert's pension. On March 29, 1993, notice of entry of judgment was filed and served upon Robert. On April 8, 1993, Robert obtained counsel and filed a motion with affidavits to set aside the default. The District Court did not rule on the motion within 45 days, and it was deemed denied. On June 3, 1993, Robert filed his notice of appeal.

Did the District Court err in not setting aside the default judgment?

Robert contends that given his status as a layman and the surrounding circumstances the judgment should be set aside. He assumed his response had been properly served and filed because the note of issue notified him it was filed. Ranae contends that a pro se defendant undertakes representation of himself at his own peril, and that Robert's failure to follow the procedure requirements as provided by the Montana Rules of Civil Procedure is not excusable neglect.

When a trial court has refused to set aside a default the standard of review is that no great abuse of discretion need be shown to warrant reversal. The policy is to favor trials on the merits. Lords v. Newman (1984), 212 Mont. 359, 363, 688 P.2d 290, 293. Rule 55(c), M.R.Civ.P., for good cause shown, permits a default judgment to be set aside under Rule 60(b). Rule 60(b), M.R.Civ.P., states that a judgment may be set aside due to mistake, inadvertence, surprise, or excusable neglect. Mistake is defined as "some unintentional act, omission, or error arising from ignorance, surprise, imposition, or misplaced confidence." Black's Law Dictionary 1152 (4th ed. rev. 1975). Defendants prove good cause by showing: they proceeded with diligence; their excusable neglect; that the judgment will be injurious to them if allowed to stand; and they have a meritorious defense to the plaintiff's cause of action. Blume v. Metropolitan Life Ins. Co. (1990), 242 Mont. 465, 467, 791 P.2d 784, 786.

Robert acted with diligence to set aside the default judgment when he immediately retained an attorney to represent him and timely filed a motion to set aside the default judgment ten days after notice of judgment was mailed to him. He assumed that his telefaxed response to Ranae's attorney was sufficient. *See* Waggoner v. Glacier Colony of Hutterites (1953), 127 Mont. 140, 258 P.2d 1162. In Waggoner, immediately after receiving the summons and complaint, Colony members talked with an associate at plaintiff's attorney's office, who said he would relay the message to plaintiff's counsel that the wrong defendant was being sued. The

4

Colony understood from this conversation that no further action would be taken against them, but default was entered. This Court set aside the default stating that laymen are often misled and get entirely different meanings from conversations than one trained in the legal field. Waggoner, 258 P.2d at 1166. As with the defendant in Waggoner, Robert made a mistake when he assumed that his telefaxed response to Ranae's attorney was sufficient when they sent him the note of issue.

In Worstell v. Devine (1959), 135 Mont. 1, 335 P.2d 305, this Court found excusable neglect when the appellant's counsel was mistaken when he assumed that the papers were served on his client on a particular day, and when he did not discover his mistake until after default was entered. Robert also assumed his response had been properly served and filed because the note of issue told him it had been filed.

The judgment is injurious to Robert who lost physical custody of his children, was ordered to pay child support, and lost one-half of his pension without having opportunity to litigate the issues. This case involves issues of physical custody and visitation and this Court has said that "custody cases present a compelling reason for a hearing on the merits." Duffey v. Duffey (1981), 193 Mont. 241, 245, 631 P.2d 697, 700. Robert's proposed response and affidavit is sufficient to show a meritorious defense.

We want to point out that there is a second reason not raised or argued by the parties to reverse this case, and that is that Ranae's attorney affirmatively, though innocently, misled Robert by

sending him the note of issue, leading him to believe the case would be tried. However, on discovering the fact that Robert had not filed his response, Ranae's attorney did nothing to rectify the misleading impression which he had left with Robert, but instead, took advantage of Robert's misunderstanding by obtaining, without notice, a default and a default judgment. This Court disapproves of this type of practice.

The denial of the District Court to set aside the default judgment is reversed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6

January 20, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Mark P. Yeshe
Attorney at Law
P.O. Box 483
Helena, MT  59624

Jerrold L. Nye
NYE & MEYER, P.C.
3317 Third Ave. North
Billings, MT  59101


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy