JUSTICE COTTER
dissents.
¶19 I dissent.
¶20 The Court recognizes that only a slight abuse of discretion is needed to warrant reversal. ¶ 8. It then cites the Blume standard for the proposition that a party seeking to set aside a default judgment must demonstrate that his neglect was excusable. ¶ 11. With this, I agree. However, the Court then goes on to conclude that Juntunen failed to meet his burden of establishing excusable neglect. I submit that reasonable minds might differ in this respect, and that we should therefore resolve such doubts by allowing a trial on the merits.
¶21 In United States Rubber Co. v. Community Gas & Oil Co. (1961), *415 139 Mont. 36, 39, 359 P.2d 375, 376, we said that in determining whether to set aside a default, the test to determine whether neglect is excusable is “whether the reasons given for the neglect are such that reasonable minds might differ in their conclusions concerning excusable neglect. If so, the doubt should be resolved in favor of a trial on the merits.” Although this case predates Rule 60(b), M.R.Civ.P., it has been cited favorably since the inception of the rules in cases in which the propriety of a default judgment has been under consideration. See, e.g., Myers v. All West Transport (1988), 235 Mont. 233, 236, 766 P.2d 864, 866, and Griffin v. Scott (1985), 218 Mont. 410, 412, 710 P.2d 1337, 1338. We seem to have abandoned this test in our recent cases. I believe, however, that this test should be applied in close cases, as resolving doubts in favor of a trial on the merits is wholly consistent with our standard of review in such cases-i.e., that only a slight abuse of discretion need be shown to warrant reversal.
¶22 Here, I would conclude that the confluence of a hectic seasonal business schedule, a marital separation, and a fight and ensuing arrest are sufficient to raise in reasonable minds a difference of opinion over whether failure to respond to a summons under such circumstances constitutes excusable neglect. I would therefore engage the presumption that such close cases should be resolved with a trial on the merits. I dissent from our refusal to do so.