No. 05-253

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 161N

SAMUEL W. ANTONICK and KIM M. JOHNSON,

Plaintiffs and Respondents,

v.

THE ESTATE OF THEODORE LUTGEN, deceased,
MARY LUTGEN, personal representative of the Estate
of Theodore Lutgen; LUCAS PADILLA, RUTHIE
PADILLA and JEFF STEWART,

Defendants,

LUCAS and RUTHIE PADILLA,

Defendants and Appellants.

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis and Clark, Cause No. ADV 2003-551
The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

For Appellants Lucas and Ruthie Padilla:

Alan L. Joscelyn and KD Feeback, Gough, Shanahan, Johnson &
Waterman, Helena, Montana

For Respondents:

Thomas A. Budewitz, Attorney at Law, Helena, Montana

Submitted on Briefs: December 21, 2005
Decided: July 17, 2006

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2      Lucas and Ruthie Padilla (Padillas) appeal an Order of the First Judicial District Court, Lewis and Clark County, denying their motion to set aside a default judgment entered against them in favor of Samuel W. Antonick and Kim M. Johnson (Antonick & Johnson).  We affirm.

¶3      According to the allegations of the parties, both Padillas and Antonick & Johnson purchased property from the Estate of Theodore Lutgen (Estate), acting through its personal representative, Mary Lutgen.  Antonick & Johnson entered onto Padillas' land to remove some farming equipment they claimed they had purchased from the Estate.  Padillas accused Antonick & Johnson of trespassing and refused to allow them to move the farming equipment.  Padillas claimed to own the equipment and told Antonick & Johnson they planned to sell it and keep the proceeds.

¶4      Antonick & Johnson filed a complaint against Padillas and others on September 23, 2003, alleging, *inter alia*, that Padillas converted the farm equipment.  Padillas were served with summons on September 23, 2003.  Antonick & Johnson then filed an amended complaint on October 14, 2003, and served a copy of the amended complaint on Padillas on October 23, 2003.  Padillas did not at first retain the services of an attorney.  There is a dispute as to the actions taken by Padillas in response to the summons.

2

¶5 On November 19, 2003, Antonick & Johnson moved for an entry of default against Padillas, and the District Court entered their default that same day. Padillas claim they did not learn of the default until over two months later, after the District Court entered a default judgment against them on January 29, 2004. Padillas retained legal counsel on February 3, 2004.

¶6 On February 6, 2004, Padillas, through counsel, moved the District Court to set aside the default judgment pursuant to Rule 60(b), M.R.Civ.P. Along with the motion to set aside the default judgment, Ruthie Padilla filed an affidavit. In her affidavit she says that before the default was entered she prepared a *pro se* answer and mailed it to Antonick & Johnson's counsel. She also says in her affidavit that she was not aware that the answer had to be filed with the District Court. The record shows that no answer or other appearance was filed by Padillas before their default was entered.

¶7 According to an affidavit filed by counsel for Antonick & Johnson in response to the motion to set aside the default judgment, Ruthie Padilla telephoned him on November 24, 2003, and told him that Padillas had filed an answer with the District Court and that she had sent him a copy. Antonick & Johnson's counsel also says he told Ruthie Padilla during the same telephone call that he had not received anything. She responded that she would send him another copy of the answer. Antonick & Johnson's counsel denies ever receiving a copy of an answer from Padillas.

¶8 The District Court denied Padillas' motion to set aside the default judgment by an order entered on February 24, 2004. No hearing was held on the motion, and the District Court made no findings of fact. The only reasoning given by the District Court for its decision was that after a review of the briefs and affidavits filed, Padillas' motion did not

3

satisfy any of the criteria to set aside a default judgment.

¶9 Padillas appealed. Because there were other claims that had not been resolved, this Court dismissed the appeal without prejudice. The District Court denied Padillas' motion to certify the default judgment against them as final and ripe for appeal pursuant to Rule 54(b), M.R.Civ.P., and stayed execution on the judgment pending the completion of the remainder of the lawsuit. A final judgment on all claims was eventually entered in the District Court. Padillas now appeal the District Court's denial of their motion to set aside the default judgment in favor of Antonick & Johnson.

¶10 When reviewing the denial of a motion to set aside a default judgment, this Court is guided by the principle that every case should be decided on its merits, and judgments by default are not favored. *Matthews v. Don K Chevrolet*, 2005 MT 164, ¶ 9, 327 Mont. 456, ¶ 9, 115 P.3d 201, ¶ 9. Our standard of review when an appeal is from a denial of a motion to set aside a default judgment is that only a slight abuse of discretion need be shown to warrant reversal. The burden of proof is on the party seeking to set aside the default judgment. *Matthews*, ¶ 9.

¶11 Padillas contend that the District Court should have set aside the default judgment against them because they satisfy the good cause criteria of Rule 55(c), M.R.Civ.P., as well as the excusable neglect standard in Rule 60(b)(1), M.R.Civ.P. Padillas also contend that the facts of this case are extraordinary and require that the default judgment be vacated pursuant to Rule 60(b)(6), M.R.Civ.P.

¶12 In *Essex Ins. Co. v. Jaycie, Inc.*, 2004 MT 278, 323 Mont. 231, 99 P.3d 651, this Court established criteria to set aside a default judgment:

4

(1) the defaulting party proceeded with diligence; (2) the defaulting party's neglect was excusable; (3) the defaulting party has a meritorious defense to the claim; and (4) the judgment, if permitted to stand, will affect the defaulting party injuriously.

*Essex*, ¶ 11.

¶13     In this instance, after reviewing the record and considering the factors stated above, we conclude that the District Court did not abuse its discretion when it denied Padillas' motion to set aside the default judgment.  Padillas' claim on appeal is that their neglect to file an answer is excusable because they sent an answer to Antonick & Johnson's counsel, and the summons was so worded that they did not know that they were required to also file an answer with the District Court.

¶14     This Court's precedent makes it clear that "mistake," "inadvertence," and "excusable neglect" generally require some justification for an error beyond mere carelessness or ignorance of the law.  *In re Marriage of McDonald* (1993), 261 Mont. 466, 469, 863 P.2d 401, 403; *In re Marriage of Castor* (1991), 249 Mont. 495, 499, 817 P.2d 665, 667.

¶15     While it would be desirable to have findings of fact concerning the credibility of the differing stories contained in the affidavits of Ruthie Padilla and counsel for Antonick & Johnson, the record is clear that Padillas did not file an appearance in the District Court within the time allowed, and the entry of their default as well as the default judgment was proper under Rule 55(a), (b)(2), M.R.Civ.P.  The summons served on Padillas states the name of the court where the suit is pending and that an answer must be filed in order to forestall a default judgment.  Ruthie Padilla's simple statement in her affidavit that she was not aware that filing with the court was required, if it were to be found credible as a

5

matter of fact, would not be sufficient to constitute excusable neglect.

¶16 The record does not show extraordinary circumstances which would justify setting aside the default judgment under Rule 60(b)(6), M.R.Civ.P. We have previously explained that Rule 60(b)(6), M.R.Civ.P., only applies in "situations other than those enumerated in the first five subsections of the rule" when the movant can demonstrate the following elements:

> 1) extraordinary circumstances including gross neglect or actual misconduct by an attorney; 2) the movant acted to set aside the judgment within a reasonable time period; and 3) the movant was blameless.

*Peak Dev., LLP v. Juntunen*, 2005 MT 82, ¶ 17, 326 Mont. 409, ¶ 17, 110 P.3d 13, ¶ 17 (quoting *Bahm v. Southworth*, 2000 MT 244, ¶ 14, 301 Mont. 434, ¶ 14, 10 P.3d 99, ¶ 14). The record does not suggest gross neglect or actual misconduct by an attorney, and Padillas are not blameless in their failure to appear in response to Antonick & Johnson's complaint. Rule 60(b)(6), M.R.Civ.P., does not apply in this case.

¶17 We affirm the District Court's denial of Padillas' motion to set aside the default judgment against them.

/S/ JOHN WARNER

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE

6

Justice James C. Nelson dissents.

¶18 I dissent from our Opinion. I would reverse and remand for further proceedings.

¶19 Since this Opinion is not going to be published, I am not going to engage in a lengthy analysis. Suffice it to say, however, we have case law that may dictate a possibly different result here had the trial court done more than simply rule on the basis of the affidavits.

¶20 In *In re Marriage of Broere* (1994), 263 Mont. 207, 867 P.2d 1092, a default judgment was entered against the *pro se* husband after he failed to file a copy of his answer with the district court. We ruled that there was excusable neglect which justified reopening the proceedings because the husband was proceeding *pro se;* because he had mistakenly believed it was not necessary to file a copy of his answer with the court; because he had sent a copy of his answer to the attorney for the wife; and because the attorney misled the husband by sending him a note of issue. When he found out about the default judgment, the husband promptly hired counsel to set it aside. *Broere,* 263 Mont. at 208-10, 867 P.2d at 1093-94.

¶21 Similarly, in *Sun Mountain Sports, Inc. v. Gore*, 2004 MT 56, 320 Mont. 196, 85 P.3d 1286, we reversed the trial court's denial of a motion to set aside a default judgment. In that case, Gore did not pay the filing fee when she filed her answer and special appearance because the summons provided no notice of the necessity to pay a filing fee. The clerk of court refused to file Gore's answer and special appearance, but Gore did not find that out until a default judgment had been entered against her. Gore had, nonetheless, sent the plaintiff's attorney a copy of the answer. *Sun Mountain,* ¶¶ 5-6. Citing *Broere,* among other cases, we concluded that Gore's neglect was not willful and

7

was excusable, and that the case should proceed to a trial on the merits. *Sun Mountain,* ¶¶ 21-22.

¶22 "[C]ases are to be tried on the merits and judgments by default are not favored." *Sun Mountain,* ¶ 29 (citation omitted). In my view, *Broere* and *Sun Mountain* control here. Ruthie Padilla, acting *pro se*, swore that she prepared her answer and mailed a copy to plaintiff's counsel; she swore she was unaware that her answer had to be filed with the court. As did the husband in *Broere*, when Ruthie discovered that default judgment had been entered against her, she proceeded diligently and hired counsel to set aside the judgment.

¶23 As the majority concedes, the District Court conducted no fact-finding. Perhaps if it had held a hearing, entered findings and applied our precedent, as set out above, the result here would have been different.

¶24 I would reverse and remand and order the trial court to conduct an evidentiary hearing, enter findings of fact and conclusions of law and decide this case within the context of our jurisprudence.

¶25 I dissent.

/S/ JAMES C. NELSON