DA 11-0267

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 279

DONALD PUHTO and JANET BARRETT,
Next of kin of deceased, WALTER UKKOLA,

        Plaintiffs and Appellants,

    v.

SMITH FUNERAL CHAPELS, INC.,
dba SMITH-OLCOTT FUNERAL CHAPEL,
a Montana Corporation, BURT DOUTHIT,
individually and in his official capacity
and DOES 1-5, inclusive,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 09-0289
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

       For Appellants:

           William A. D'Alton; D'Alton Law Firm, P.C.; Billings, Montana

       For Appellees:

           Guy W. Rogers, Jon Wilson; Brown Law Firm, P.C.; Billings, Montana

                    Submitted on Briefs:  September 22, 2011

                              Decided:  November 8, 2011

Filed:

                  _____
                               Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 On January 28, 2011, the Thirteenth Judicial District Court entered an order dismissing Donald Puhto's (Puhto) complaint with prejudice. Puhto appeals from the court's denial of his Motion for Relief under M. R. Civ. P. 60(b). We affirm.

¶2 The sole issue on appeal is whether the District Court abused its discretion in denying Puhto's motion to set aside the dismissal order and in refusing his request for an evidentiary hearing on the matter.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Puhto, along with his sister, Janet Barrett (Barrett), commenced this action against Smith Funeral Chapels, Inc. (Smith) on February 26, 2009, alleging negligence and misrepresentation in the handling of their deceased uncle's remains. Citing fundamental disagreements, counsel for Puhto and Barrett moved to withdraw from representation, which the court granted on December 8, 2009. On March 19, 2010, a notice of appearance of counsel was filed on behalf of Barrett and Puhto by Solomon S. Neuhardt, II (Neuhardt).

¶4 A scheduling conference was held in April, but nothing further occurred in the case until October 21, 2010, when Smith filed a motion requesting confirmation of counsel. Neuhardt apparently told defense counsel he had withdrawn, but had not yet moved to do so. After no response, Smith requested a show cause hearing, which was set for November 29, 2010. On the morning of the hearing, Neuhardt requested leave to withdraw. The District Court granted his motion and vacated the hearing. Neuhardt then

2

filed a notice of withdrawal, which provided both Puhto's and Barrett's contact information. On Smith's motion, the court vacated the scheduling order pending appearance by the plaintiffs personally or through new counsel. Smith's counsel sent Puhto and Barrett a "Notice of Removal of Attorney for Plaintiffs" informing them of the need to appoint a new attorney or appear in person. The notice included the admonition that failure to appoint an attorney or appear in person may result in a judgment or other order entered against them.

¶5 By January 2011, Puhto and Barrett had failed to respond to the Notice of Removal. Smith requested another show cause hearing to determine whether Puhto and Barrett intended to retain counsel or appear pro se. By order dated January 4, 2011, the hearing was set for January 27, 2011. Neither Puhto nor Barrett appeared at the hearing. The District Court dismissed the case with prejudice on January 28, 2011.

¶6 On February 22, 2011, William D'Alton filed a notice of appearance as the attorney for Barrett and moved on behalf of both plaintiffs to set aside the court's dismissal order pursuant to M. R. Civ. P. 60(b). Barrett submitted an affidavit explaining her failure to respond and appear. Barrett and Puhto had agreed that since she lived in the area (Wyoming), and Puhto lived in Las Vegas, Barrett would oversee and handle the litigation. Barrett did not receive the "Notice of Removal of Attorney for Plaintiffs" or the court's order setting the show cause hearing because the documents had been sent to the wrong address. Further, in the month prior to the hearing, Barrett was in Texas seeking medical care. Barrett only learned of the hearing when Puhto told Barrett's son about the hearing after it occurred. She finally received the documents in early February

3

after picking them up from the address to which Smith's counsel had erroneously sent them. Acknowledging the clerical error on their part, defense counsel did not object to the motion to set aside the dismissal as to Barrett. She is not a party to this appeal.

¶7 Puhto, on the other hand, did receive the Notice of Removal and the notice of the show cause hearing, yet failed to respond or appear. In denying relief, the District Court found, "[t]here is no argument by Puhto that he did not know about the January 27, 2011, hearing. Obviously Puhto knew about the hearing the next day when he told Barrett's son." Puhto did not file an affidavit in support of the motion to set aside the dismissal, but argued it was excusable neglect for him to rely on Barrett in handling the matter. The court disagreed, finding "[e]ven if Barrett can speak for her brother, Puhto has not raised sufficient indications of mistake, inadvertence, surprise, or excusable neglect." Puhto appeals.

## STANDARD OF REVIEW

¶8 "Our review of a district court's ruling pursuant to M. R. Civ. P. 60(b) depends on the nature of the final judgment, order, or proceeding from which relief is sought and the specific basis of the motion." *Orcutt v. Orcutt*, 2011 MT 107, ¶ 5, 360 Mont. 353, 253 P.3d 884. In cases not involving relief from a default judgment, the Court reviews the ruling of a district court for an abuse of discretion. *Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 17 n. 3, 338 Mont. 423, 166 P.3d 451. The party seeking to set aside the order has the burden of proof. *Mont. Prof'l Sports, LLC v. Nat'l Indoor Football League, LLC*, 2008 MT 98, ¶ 21, 342 Mont. 292, 180 P.3d 1142.

4

¶9    *Whether the District Court abused its discretion in denying Puhto's motion to set aside the dismissal order under M. R. Civ. P. 60(b) and denying his request for an evidentiary hearing.*

¶10    Rule 60(b) provides in pertinent part "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect."  Litigants have a duty to monitor litigation.  *Caplis v. Caplis*, 2004 MT 145, ¶ 24, 321 Mont. 450, 91 P.3d 1282.  Though disfavored, an order dismissing a claim with prejudice may be appropriate where the facts establish "careless conduct or willful ignorance."  *Caplis*, ¶ 24.  At issue here is whether Puhto's failure to respond to his legal mail, due to his reliance upon Barrett to handle the litigation, amounts to "excusable neglect."

¶11    This Court examined the limitations of excusable neglect in *Griffin v. Scott*, 218 Mont. 410, 412-14, 710 P.2d 1337, 1338-39 (1985).  There, the Scotts were personally served with a complaint and summons on December 5, 1984, at their home in Wyoming.  *Griffin*, 218 Mont. at 411, 710 P.2d at 1337.  The Scotts mailed the documents to their attorney on December 14, 1984.  The attorney had left for a two-week vacation and was unaware of the summons and complaint.  Counsel returned to the office on January 4, 1985, but did not promptly review all of his incoming mail as his work had accumulated.  In February, the attorney realized a default judgment had been entered against the Scotts on January 11, 1985.  *Griffin*, 218 Mont. at 411, 710 P.2d at 1337.

¶12　We stated the test for excusable neglect is whether "the reasons given for the neglect are such that reasonable minds might differ in their conclusions concerning excusable neglect. If so, doubt should be resolved in favor of a trial on the merits." *Griffin*, 218 Mont. at 412, 710 P.2d at 1338 (quoting *United States Rubber Co. v. Community Gas & Oil Co.*, 139 Mont. 36, 39, 359 P.2d 375, 376 (1961)). We held the neglect of the appellants was not excusable since they knew the appearance was due shortly after Christmas, yet waited until December 14 to mail the documents and did nothing to check on the suit or further contact the attorney. The district court therefore did not abuse its discretion in refusing to set aside the default judgment. *Griffin*, 218 Mont. at 413, 710 P.2d at 1339.

¶13　We further considered excusable neglect in *In Re Marriage of Broere*, 263 Mont. 207, 867 P.2d 1092 (1994). There, the husband, acting pro se, faxed his response to the wife's attorney after he was served with the wife's petition for dissolution. He also requested a confirmation of receipt form with his fax. The husband did not understand he needed to file his response with the district court. The wife's attorney sent a note of issue, mistakenly believing the husband properly had filed his response. Two days later, however, upon realizing the husband had not filed with the court, the attorney filed a motion for default judgment which was granted. *Broere*, 263 Mont. at 208, 867 P.2d at 1093. We held the husband's actions amounted to excusable neglect because he assumed the fax to the wife's attorney was sufficient, he received a note of issue from the attorney, and he was diligent in hiring an attorney upon discovering the default judgment. *Broere*, 263 Mont. at 209-10, 867 P.2d at 1094. We also chided the wife's attorney because,

6

upon discovering the husband had not filed a response, he did nothing to rectify the misleading impression and took advantage of the situation at the expense of a pro se litigant. *Broere*, 263 Mont. at 210, 867 P.2d at 1094.

¶14     Puhto argues his actions are distinct from the Scotts in *Griffin*, and more similar to the husband in *Broere*. He argues "the situation is completely different" from that in *Griffin*. We disagree. In *Griffin*, the Scotts were fully aware of an action pending against them and the need for an appearance immediately following the Christmas holiday. Despite this knowledge, the Scotts failed to further contact their attorney on the matter. Puhto's actions are similar. Upon receipt of the notice of hearing, Puhto either failed to contact his sister at all, or failed to determine the impact her out-of-state medical treatment might have on her attention to the case. He admits to receiving the mail and being aware of the pending hearing, yet he did nothing for approximately three weeks before contacting Barrett's son, the day after the hearing took place. This Court has explicitly held inattention to mail does not establish excusable neglect. *Myers v. All W. Transp.*, 235 Mont. 233, 236, 766 P.2d 864, 867 (1988). Puhto's behavior equates to careless conduct.

¶15     Puhto's reliance on *Broere* is misplaced. In *Broere*, the husband took active steps to pursue his case, unlike Puhto's inattention here. Further, the wife's attorney in *Broere* took advantage of the husband's misunderstanding in filing the motion for a default judgment. Here, while Smith's counsel inadvertently mailed Barrett's documents to the wrong address, it made no mistake as to Puhto. Puhto cannot rely on the mailing error as to Barrett.

7

¶16 We note there are specific protections afforded unrepresented litigants in situations like Puhto's. In *Quantum Elec., Inc. v. Schaeffer*, 2003 MT 29, ¶ 27, 314 Mont. 193, 64 P.3d 1026, we analyzed § 37-61-405, MCA, which requires that in order to properly protect the interests of an unrepresented party upon withdrawal of counsel, the opposing party must require the unrepresented party, by written notice, to appoint another attorney or appear in person. Moreover, under U. Dist. Ct. R. 10, the written notice also must include the warning that if the unrepresented party fails to appoint an attorney or appear in person, judgment may be entered against him. *Quantum Elec., Inc.*, ¶ 27. Here, Smith's "Notice of Removal of Attorney for Plaintiffs" complied with Rule 10 and specifically forewarned Puhto of the potential for dismissal if he failed to act. Puhto had two choices: appear personally or retain counsel. He could not rely on Barrett to protect his interests. Barrett is not an attorney and could not represent Puhto's interests in the litigation. *See Zempel v. Liberty*, 2006 MT 220, ¶ 18, 333 Mont. 417, 143 P.3d 123 ("[A] non-lawyer who appears on behalf of another in a district court proceeding is guilty of contempt of court . . . .").

¶17 Moreover, Puhto had an obligation to prosecute his case. In *Timber Tracts v. Fergus Elec. Coop.*, 231 Mont. 40, 44, 753 P.2d 854, 856 (1988), we upheld the district court's dismissal of a case under M. R. Civ. P. 41(b), where the plaintiff's actions did not show "active and diligent pursuit of the cause." By failing to take action in response to Smith's motions and the court's notice of hearing, Puhto did not fulfill his obligation to be active and diligent in the cause he initiated.

¶18 Finally, Puhto argues the District Court erred in failing to rule on his motion for an evidentiary hearing. A district court is not required to set an evidentiary hearing under Rule 60(b). *First Nat'l Bank v. Springs*, 225 Mont. 62, 67, 731 P.2d 332, 335 (1987). However, he argues the court raised issues in its order which needed to be addressed at an evidentiary hearing. Puhto states, "[f]or instance, the district court found it necessary to hear from Mr. Puhto but did not give him the chance to testify at a hearing." His argument as to what the District Court found necessary is unclear. Puhto is presumably referencing the court's statement in its order that Puhto did not file his own affidavit, but relayed his argument through Barrett's affidavit. We see little merit to Puhto's request for an evidentiary hearing. If Puhto had additional information to contribute, he had the opportunity to do so by submitting his own affidavit at the time of his motion to set aside the dismissal order. The material facts are undisputed. Puhto received the notice and did not respond or attempt to contact Barrett, the court, or opposing counsel until the hearing had passed.

## CONCLUSION

¶19 Puhto has not shown the District Court abused its discretion in determining he had not proven excusable neglect. We affirm the District Court's denial of Puhto's Rule 60(b) motion.

/S/ BETH BAKER

We concur:
/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JIM RICE